## KESLER v. ST. JOHN et al.

**Garnishment:** PAYMENT AFTER SERVICE. A garnishee cannot pay over money to the defendant after garnishment, though defendant receive it as agent of, and in payment of a note given to, the defendant's son, for property purchased of the father, but which, it was afterward claimed, belonged to the son, if in *fact* the property belonged to the father, and the use of the son's name was merely to defraud defendant's creditors, and the garnishee knew that the object of the garnishment was to reach this money.

*Appeal from Lucas District Court.*

TUESDAY, JULY 9,

THE plaintiff, having a judgment against the defendant, B. R. St. John, issued an execution thereon, under which the sheriff summoned the defendant and appellant, Wm. Skidmore, as garnishee. The garnishee answered; issue was taken upon the answer, and tried to the court; the judgment of the court was for the plaintiff, and the garnishee appeals.

*Stuart Brothers* for the appellant.

*J. W. Wilkinson* and *H. H. Trimble* for the appellee.

COLE, J.—I. The garnishee notice was served upon the appellant, Skidmore, more than ten days prior to the October Term of the court in 1864, and duly returned. At the May Term, 1865, the garnishee filed his answer, no commissioner to take the same having been before that time appointed. There was no issue taken upon the answer at that time. On the second day of the October Term, 1865, the garnishee filed his motion to be discharged. This motion was based on three grounds : First, no revenue stamp was affixed to notice of garnishment. Second, no notice of garnishment had been served on the execution defendant. Third, the answer shows the garnishee not liable.

On the fifth day of the term, this motion came on for hearing, and was overruled as to the first two grounds, and continued till morning as to the third, to which the garnishee excepted. On the sixth day of the term, the plaintiff filed his reply, taking issue upon the garnishee's answer. The motion was then overruled, as to the third ground, and excepted to by the garnishee. In this entire action of the court, there was no error of law, nor any abuse or mistake of sound judicial discretion.

II. The garnishee had purchased a quantity of corn from the execution defendant, B. R. St. John, but was told, after the contract was made, that the corn was the property of J. E. St. John, a son of the execution defendant. The garnishee did not pay all down for the corn, but gave his note for seven hundred dollars of the purchase price, payable to the son J. E. St. John. Directly after he gave this note he was served with the garnishee notice in this case. His answer stated these facts, and denied his indebtedness to B. R. St. John. Issue was taken upon the answer, by alleging his indebtedness to B. R. St. John, for that the corn was his property and not that of J. E. St. John, and that it was put in the name of the latter in order to defraud the

*[margin note: GARNISHMENT: payment after service.]*

creditors of the former. The District Court found the allegation of fraud to be true. With that finding we are entirely content, and deem it unnecessary to review in detail the testimony, or state at length our reasons for the conclusion. It also appeared in evidence, that the garnishee had paid the note since he was garnished, to B. R. St. John, who claimed to receive it for, and thereafter to have paid it over to, J. E. St. John.

The garnishee also testified that he knew when he paid the money to B. R. St. John, that the object of the garnishee proceeding in this case was to get that money and apply it on the execution, under which he was garnished. The District Court thereupon rendered judgment against the garnishee for the amount of the execution debt, it being $269.27.

In this ruling there was no error. The garnishee having knowledge that he was garnished as to that particular money, and was the debter of B. R. St. John in relation thereto, although it was claimed by J. E. St. John, in whose name his note was given, was bound to hold the same subject to the order of court thereon. His payment of it after his garnishment, will not discharge him. Rev., § 3209.

But since he has paid the same once before, this judgment will be made expressly without prejudice to and saving his rights, whatever they are, to recover the same from the person to whom, or for whose use he paid it.

Affirmed.