PHILLIPS v. GERMON.

43   101
96    3

1. **Garnishment:** NOTICE: PRACTICE. In a proceeding of attachment by garnishment, notice of the process to the defendant in the principal action is not necessary.

2. ——: ——: ——. The garnishment process may be served before the defendant is served with notice of the commencement of the action.

3. ——: DELAY IN PROCEEDINGS. That one or more terms intervened between the service of the garnishment process and the rendition of judgment against the garnishee was held not to imply an abandonment of proceedings.

4. ——: EFFECT OF APPEAL. A judgment debtor may be garnished. even though he has appealed from the judgment, if no supersedeas bond has been filed.

5. ——: ASSIGNMENT OF JUDGMENT. The assignment of a judgment, after service of the garnishment process, confers upon the assignee no rights prejudicial to the plaintiff in the garnishment proceeding.

6. **Attorney's Lien:** NOTICE. The claim by an attorney of a lien upon a judgment must be made in writing to bind the judgment creditor, or those claiming through him.

*Appeal from Jackson Circuit Court.*

THURSDAY, APRIL 20.

THE plaintiff instituted an action by attachment against defendant, Germon, and garnished the Chicago & N. W. R. Co., a judgment debtor of defendant. A judgment was entered against the defendant, and, at a subsequent term, a judgment was had against the garnishee, the intervenor having prior thereto filed a petition claiming that the judgment against the Chicago & N. W. R. Co., in favor of defendant, had been

assigned to him, and upon it he holds a lien for services as an attorney and for advances in the payment of costs. A demurrer to his petition was sustained, and from this decision the intervenor appeals.

*E. F. Richman*, for appellant.

*Amos & Fletcher*, for appellee.

BECK, J.—I. The intervenor claims in his petition that the garnishment of the C. & N. W. R. Co. is invalid because the defendant in the attachment action had no notice of the process. No notice was necessary. Code, § 2975. The provision of the Code cited by appellant applies to the case of attachment of property. § 2967, ¶ 1.

1. GARNISHMENT: notice.

II. The garnishment process was served before the notice in the action. This, it is claimed, rendered the garnishment proceeding invalid. This cannot be admitted; there is no statute so providing, and for us to so rule would, in a great measure, destroy the efficiency and usefulness of process of this kind, for it is often demanded in cases when, to be useful, it must be served before the service of the notice.

2. ——: ——:

III. The petition shows that one or more terms intervened between the service of the garnishment process, and judgment against the garnishee. The intervenor insists that this amounted to an abandonment of the proceedings. But it cannot be so regarded. The proceedings were not in fact abandoned, for judgment was rendered in the cause; of its pendency the whole world is to be regarded as having notice.

3. ——: delay in proceedings.

IV. It is alleged that the claim against the C. & N. W. R. Co., for which judgment was rendered, was, at the time of the service of the garnishment process, in suit and the judgment was afterwards rendered. But the records, which are made part of the petition, show that a judgment had been rendered at the time of the service of the writ of garnishment, and an appeal thereon was pending, which resulted in the affirmance of the judgment. The appeal did

4. ——: effect of appeal.

not vacate or affect the judgment, and, as no *supersedeas* was entered, proceedings thereon were not stayed. Code, § 3186.

V. The assignment of the judgment to the intervenor was

5. ——: assignment of judgment. subsequent to the garnishment; he acquired no right to the judgment as against the plaintiff.

VI. The petition shows that no notice of the intervenor's

6. ATTORNEY's lien: notice. claim of a lien on the judgment was given to the defendant. It did not bind the judgment in the absence of the notice in writing required by Code, § 215, ¶ 3.

The petition failing to set up sufficient cause for the relief claimed, the Circuit Court rightly sustained the demurrer.

AFFIRMED.