## LANGFORD & ORTON v. THE OTTUMWA WATER POWER CO. ET AL.

1. **Jurisdiction:** DEFAULT: CONTINUANCE. A court does not lose jurisdiction to grant a default because it is not entered at the appearance term.

2. **Practice:** GARNISHMENT: NOTICE. The notice to show cause required by section 2985 of the Code, before execution can issue against a garnishee, is a reasonable one only, and may be served during the term at which it requires the garnishee to appear.

3. —: —: JURISDICTION. Where the garnishee failed to appear in response to such notice, it was held that the court had jurisdiction two days after the specified date to enter an order for execution, without motion therefor, but had no power to enter a second judgment for the amount of the former one with interest.

*Appeal from Wapello Circuit Court.*

THURSDAY, APRIL 22.

THE plaintiffs, Langford & Orton, are judgment creditors of the defendant, the Ottumwa Water Power Co. As such they garnished upon execution the defendant S. W. Summers, and he was notified to appear and answer as garnishee on the 2nd day of the March term, 1877. No appearance having been made at that time, or any other, judgment was rendered against him as garnishee at the October term, 1878, for $305.25, and he was ordered to show cause why execution should not issue against him. On the 13th day of March, 1879, notice was served upon him to appear and show cause on the 24th day of March, 1879. No appearance being made upon that day or any other, judgment was entered against him upon the 26th day of March, 1879, for $313.49. The garnishee appeals.

*S. W. Summers,* appellant, *pro se.*

*Stiles & Lathrop,* for appellee.

ADAMS, CH. J.—The garnishee was notified to appear and

1. JURISDIC-
TION : de-
fault : con-
tinuance.

answer at the March term, 1877. The default was taken at the October term of the next year. It is insisted that unless an order of continuance was entered the court lost jurisdiction.

Whether an order of continuance was entered does not appear, nor do we deem it material. Cases undisposed of at the adjournment of a term stand continued without a specific order made for that purpose. Code, § 172. In *Phillips v. Germon*, 43 Iowa, 101, where judgment was rendered against a garnishee at a subsequent term, it was claimed that the garnishment proceedings should have been deemed abandoned. But it was held otherwise.

The appellant contends that the court lost jurisdiction by reason of the case having been dropped from the docket.

We see nothing showing that the case was dropped from the docket, nor, in our opinion, would the court have lost jurisdiction if it had been.

The appellant further contends that no proper notice was served upon him to show cause. It is said that the notice

2. PRACTICE :
garnishment :
notice.

was served during term time to show cause at the same term. It is contended that it should have been served ten days before the term.

The necessity for a notice to show cause is created by section 2985 of the Code. That merely provides against the issuance of an execution until the garnishee has had an opportunity to show cause against the issuance. How much notice he is entitled to the Code does not prescribe. The opportunity given to show cause must be a reasonable opportunity. Further than that, we think that there is no rule upon the subject. In this case more than ten days notice was given. That the opportunity to show cause was not a reasonable one is not claimed.

The appellant further contends that the court erred in rendering judgment upon the 26th day of March, 1879.

The garnishee was notified to show cause on the 24th. The

appellant claims that no motion was filed upon that day or at any other time, and that the court had no jurisdiction in the matter after the 24th.

In our opinion no motion was necessary, and the court did not lose jurisdiction.

It would have been proper, upon the garnishee's failure to appear, for the plaintiffs to file a motion for an order. that they have execution. But the garnishee cannot complain of a want of such motion. His right to show cause was lost.

3.——:——: jurisdiction.

He insists, however, that the court had no power to enter a new and different judgment. The second judgment entered was greater than the first by $8.24. That amount was, doubtless, deemed to be the interest which had accrued upon the first judgment.

It appears to us that this objection is well taken. The garnishee was not required, either by the notice served upon him or by the law, to appear and show cause why a second judgment with additional costs should not be rendered against him, but why execution should not issue upon the judgment already rendered. In making default he had a right to assume that nothing more would or could be done by the court than to enter an order that the plaintiffs have execution.

We think that the second judgment should be set aside, and an order entered granting execution upon the first.

REVERSED.