# FALL-SPECIAL TERM.

## CHARLESTON.

### Lanham *v.* Lanham.

Submitted June 25, 1887.—Decided November 5, 1887.

1. SUGGESTION.

 Where under our statute a suggestion is issued, it is unnecessary that any other person than the one designated as indebted to or holding effects of the judgment-debtor should be summoned. (p. 225.)

2. SUGGESTION.

 Where a suggestion is issued, and the garnishee has answered, and it is suggested to the court, that he has not fully disclosed his indebtedness, the court will under the provisions of the statute impanel a jury without formal pleadings to inquire, whether the garnishee at the time, the suggestion was served on him, was indebted to the judgment-debtor, and in what amount, if any. (p. 225.)

1. SUGGESTION—MARRIED WOMAN—SEPARATE ESTATE.

 Upon the trial of such a question it was proper, that being an action at law, to instruct the jury, that, if they believed from the

evidence, that if a married woman, who claimed, that the garnishee owed the fund to her and not to the judgment-debtor, had no separate estate, and there was no marriage-settlement or contract, and who claimed, that the money was earned by her while living with her husband and in part acquired by her by raising cattle on her husband's farm and selling them, and that another part was given to her by her son, all before the adoption of the Code of 1868, which provides for separate estates of married women, the money so received by her was the property of her husband.    (p. 226.)

4. SUGGESTION—MARRIED WOMAN—SEPARATE ESTATE.

In this case, even if the married woman had had a separate estate, and money of her own, the jury from the evidence were justified in rendering the verdict; and it should not have been set aside. (p. 228.)

*J. J. Davis* for plaintiff in error.

*J. Bassell* for defendant in error.

JOHNSON, PRESIDENT :

On the 17th day of January, 1881, Charles Lanhan recovered before J. L. Hickman, a justice in Harrison county, against Samuel Lanham a judgment for $484.50 with interest and costs. An execution was issued on this judgment; and a suggestion was on the 9th day of January, 1882, issued by the clerk of the Circuit Court of said county, which was duly served on Buchannon Lanham as a debtor of the said Samuel Lanham. On the 29th day of May, 1883, the said Buchannon appeared and answered the said suggestion, that at the time of the service thereof he was not indebted in any sum to the said Samuel Lanham. The said Charles Lanham then suggested, that said Buchannon had not fully declared the debts owing by him and effects in his hands of Samuel Lanham; and it was thereupon by the court ordered, that a jury be impanelled to inquire as to said debts and effects in the manner provided by law, On the 14th day of September, 1883, the jury came and was sworn "to well and truly try and ascertain the debts due by Buchannon Lanham to and effects in his hands, if any, of Samuel Lanham at the date of the service of the suggestion in this cause, and a true verdict render." On the 17th of the same month the jury rendered the following verdict : "We, the jury find, that the garnishee, Buchannon

Lanham, was indebted to Samuel Lanham on the 10th of January, 1882, (the date of the service of the suggestion) in the sum of $880.00." A motion was made to set aside the verdict and for a new trial, which motion was on the 1st day of February, 1884, overruled, and judgment was entered for the amount claimed in the suggestion. A bill of exceptions setting out all the evidence was taken. On motion of the plaintiff in the suggestion, after the evidence was all before the jury, the court instructed the jury as follows:

"If the jury find from the evidence, that the witness, Mary Lanham, is the wife of Samuel Lanham, that she and the said Samuel were married in 1830, that there was no marriage-settlement or contract between her and her husband, that she in the year 1849 had money that she had earned or was given her by her husband after the marriage by permitting her to raise and sell cattle on his farm, and if she had other money, that was given her by her son, Dennis Lanham, about the year 1861 or 1862 and before the 1st day of April, 1869, then such money was and became the property of said Samuel Lanham, and, if said Mary on the — day of December, 1880, lent said money or any part thereof to the garnishee, Buchannon Lanham, then such money was the property and money of said Samuel Lanham, and the execution of the plaintiff, Charles Lanham, was a lien thereon, and said Buchannon Lanham would be liable as such garnishee to the extent that the money so claimed to have been lent by said Mary was derived in the manner aforesaid."

To this judgment Buchannon Lanham obtained a writ of error and supersedeas.

It is insisted by plaintiff in error, that it was error to decide, that the fund did not belong to Mary Lanham, who upon the witness stand claimed it; but that it did belong to the judgment-debtor, Samuel Lanham, said Mary Lanham not being a party to the proceeding.

The statute provides, that a transcript of a judgment before a justice may be filed in the clerk's office of the Circuit Court of the county, in which the judgment was rendered, and the said clerk may issue execution thereon in the same manner and with like effect, as if the judgment had been rendered by the Circuit Court. Code, ch. 50, sec. 118. We

must presume, that the transcript was so filed in the said clerk's office. The statute further provides, that "On a suggestion by the judgment-creditor, that by reason of the lien of his writ of *fieri facias* there is a liability on any person other than the judgment-debtor, a summons may be sued out of the office of the clerk of the Circuit Court of the county, in which such person resides or may be found, against such person to answer such suggestions" &c. Acts 1872-3, ch. 218, sec. 10 as amended by sec. 1, ch. 19, Acts 1875.

The proceedings throughout seem to be in compliance with the requisites of said chapter 218 of the Acts of 1872-3, which is the law governing the case. The question to be decided in the controversy was not, whether Buchannon Lanham owed Mary Lanham, but whether he owed Samuel Lanham, the judgment-debtor. Because it is claimed or suggested in any suit, that the plaintiff ought not to recover of the defendant, because that defendant claims, that he owes that same debt to another and not to the plaintiff, must the controversy end there, unless that other party is made a defendant to the suit? If this were so, there would be no end to litigation. A defendant by a mere claim might defeat an action or make it impossible to proceed with the case. The statute does not require any one to be summoned except the party, against whom is the suggestion, that he owes the judgment-debtor. It is a proceeding to enforce a judgment already obtained; and the party is summoned to answer, whether he did not, at the time the suggestion was served on him, owe the judgment-debtor, and how much. If he does not duly disclose, or if he denies it, and the judgment-creditor thinks he does owe the judgment-debtor, then on his motion a jury will be empanelled to inquire, whether or no he was at that time so indebted. That inquiry is made without formal pleadings; and, if he should be wrongfully held to owe the debt to the judgment-creditor or to the judgment-debtor, he has a right to his writ of error, if the amount is sufficient. If he admits, he owes a sum of money, and it is claimed he owes it to the judgment-debtor, and another person claims it, he can under sec. 1 of ch. 107 of the Code have the affidavit there required filed and have the

matter settled, so as to forever preclude the claimant from recovering the money from him; or he may file his bill of interpleader, which will afford him full protection. Certainly such claimant would not be a proper party to this proceeding.

It is also insisted, that the court erred in giving the instruction it did. According to the evidence all the claim Mrs. Lanham had to the money was, that she had loaned it to B. Lanham, and that she had this money before the 1st of April, 1869, that there was no marriage-contract, and that she had no separate estate, and that a part of the money was given to her by her son, and a part was the proceeds of her own earnings in raising and selling cattle from her husband's farm.

In *Jones* v. *Reid*, 13 W. Va. 363, this Court said : "The doctrine is so universally recognized, that at law the earnings of the wife are absolutely the property of the husband, that it is not necessary to refer to any authority on the subject." In that case it was held, that in equity, where the wife had earned money with her husband's consent, it should be her own, and as against her husband's devisees and distributees she could hold it.

This is a proceeding at law, and no question of this kind arises here. It is also well settled that at common-law the husband by virtue of his marriage acquired all of his wife's personal property reduced to possession. There is no evidence in this record to show, that a single dollar of the money, that it is claimed Mrs. Lanham loaned to Buchannon Lanham, was hers; but the evidence shows, that it belonged to her husband. The instruction propounded the law correctly; and we have shown, that it was not a mere abstract principle of law but was relevant.

It is also claimed that the court erred in refusing to set aside the verdict and grant a new trial. Charles Lanham sued his father, Samuel Lanham, before a justice to recover the amount of several notes amounting in all to $234.00, which with interest amounted to $484.50. For this sum he recovered judgment. Execution was issued, and a suggestion served on his brother, Buchannon Lanham. At the trial before the jury the facts were all disclosed, and also, that on

the 1st day of November, 1880, Samuel Lanham conveyed to his son, Buchannon Lanham, seventy five acres of land for the sum of $1,200.00 cash and $1,100.00 in eleven equal yearly payments of $100.00 each and $80.00, the residue, payable on the 1st day of September, 1882. The grantor in the deed reserved possession of the land during his life. This deed was recorded November 3, 1880. The judgment was recovered against Samuel Lanham on the 7th day of January, 1881. The suggestion was served on the 10th day of January, 1882. Upon the trial Samuel Lanham, Mary Lanham and Rebecca J. Axline, the sister of Buchannon Lanham, were examined as witnesses. These witnesses are father, mother and daughter and evidently intent on defeating the claim of Charles Lanham. They all swear, that about the first of January, 1881, a few days before the suggestion was served, Buchannon paid his father in full for the land, the amount being $1,180.00. This is strange indeed. When the last of the purchase-money was not due until the 1st day of September, 1882. The notes were without interest, $100.00 to be paid each year, till all were paid, except that the $80.00 was to be paid a year later than the last of the $1,100.00. Here was a great loss to Buchannon Lanham; and it is strange, that it should be paid, while a judgment was standing against Samuel Lanham in favor of his son, Charles, of near $500.00; and he could suggest his brother, Buchannon Lanham; and if this was all in good faith, it is also strange, that he should borrow the money of his mother, and then in her presence pay it over to his father; and still more strange, that his mother should loan it to him for five years without interest. The record says the witness, Mary Lanham, produced a note for $880.00 dated 29th of December, 1880, due five years after date without interest purporting to be given by Buchannon Lanham to Mary Lanham. Mrs. Lanham is asked, how she procured the money; and she says, she was married in 1830, and in 1849, when she came to West Virginia, she brought her money with her, which she had made after she was married. It appears, that she raised cattle on the farm of her husband and sold them. She also received $400.00 from her son, Dennis, about 1861, or 1862. There was no marriage-contract or settlement.

This is all a very unlikely story; and, it seems to me, the

jury would have been well warranted, even if Mrs. Lanham had had a separate estate, in holding the whole affair a fraud and in rendering the verdict it did. But, as we have seen, the instruction properly propounded the law; and, because the property was her husband's, the verdict was right. The judgment is affirmed.

AFFIRMED.