## KETCHAM v. KENT CIRCUIT JUDGE.

PRACTICE—COURT RULES—NOTICE TO DEFENDANT—GARNISHMENT.
  Circuit Court Rule No. 35, providing that "a defendant who
  has appeared by notice of retainer or appearance shall be
  entitled to notice in advance of all future proceedings in the
  cause, although he may not have followed his appearance by
  plea or demurrer," defines the practice in the single case where
  a party has appeared, but has not pleaded, and does not require
  the giving of notice in advance in any case where, under the
  old rules of practice, it was not necessary to apprise the oppo-
  site party in advance of the proceedings about to be taken.
  So *held*, where the principal defendant sought to have a writ
  of garnishment dismissed because he was not served in ad-
  vance with notice of an intention to issue the same, or of the
  subsequent proceedings thereunder.

*Mandamus* by Smith G. Ketcham to compel William
E. Grove, circuit judge of Kent county, to quash certain
garnishment proceedings. Submitted November 3, 1897.
Writ denied November 17, 1897.

*Dwight Goss*, for relator.

*Uhl, Hyde & Earle*, for respondent.

LONG, C. J. Abbie L. Weller, in November, 1896,
commenced suit by summons against the petitioner.
Defendant handed the summons to his attorney, who
served upon plaintiff's attorney a notice of retainer. In
February following, plaintiff caused a writ of garnish-
ment to be issued in the cause against the Travelers'
Insurance Company. This writ was served. Narr. was
filed in the original proceedings, and served on defend-
ant's attorney on February 4th. A bill of particulars
was demanded, and served on defendant's attorney, and
on February 20th defendant filed and served plea of the
general issue. On February 23d the insurance company

filed its disclosure, stating that it had no property, goods, chattels, or effects in its hands or under its control belonging to the defendant in the principal suit, but that defendant had an accident insurance policy, and the company had received notice that defendant had been injured, and made claim for indemnity of $25 per week for 52 weeks. Interrogatories were filed and answered, and a demand for trial made of the issue whether the insurance company had property, etc., in its hands or under its control belonging to the principal defendant. The insurance company appeared by its own attorneys. In July the insurance company asked leave to file an amended disclosure, which was granted, and a disclosure was made showing that in September, 1896, said company received notice that the claim under the policy had been assigned to Emily B. Ketcham. The attorneys for the company then moved the court that Emily B. Ketcham appear in said cause, and be impleaded as a defendant to the garnishee action. This order was made, and served on Emily B. Ketcham. The attorney for the principal defendant (petitioner here), upon July 29th last, moved the court for an order dismissing the writ of garnishment and all proceedings thereunder, because no notice of the issuing of the writ of garnishment, or any of the proceedings thereunder, had been given the petitioner or his attorney. This was denied, and the petitioner now asks that the court be directed to quash such writ, and all the proceedings in garnishment. The claim is that Cir. Ct. Rule No. 35 requires the service of such papers and proceedings. That rule provides:

"No service of papers shall be necessary on a defendant who has not regularly appeared, except as specially required by rule or statute. But a defendant who has appeared by notice of retainer or appearance shall be entitled to notice in advance of all future proceedings in the cause, although he may not have followed his appearance by plea or demurrer."

This rule is an amendment of former Rule 8, which, among other things, provided:

"No service of notice or papers in the ordinary proceedings in a cause shall be necessary to be made on a defendant who has not appeared therein, and given notice to the plaintiff's attorney of his intention to defend the suit, except where the defendant is returned imprisoned for want of bail," etc.

The contention of counsel for the petitioner is that under this new rule he was entitled in advance to notice of the intention to issue the writ of garnishment, and all future proceedings in garnishment, and that such proceedings are only ancillary to the principal proceedings, and are proceedings in the principal cause, within the meaning of Rule 35.

The rule can have no such construction. It is not Rule 35 that settles the practice as to service of notice of proceedings and papers in a cause. Other rules provide for that. Rule 35 defines the practice in a single case, namely, when a party has appeared, but has not pleaded. The rule does not undertake to define the practice, but to modify the common-law practice in certain particulars. The practice is well stated in 1 Burrill, Prac. 345:

"It is a general rule that each of the parties to an action is constantly entitled to due notice of the proceedings of the other; and, if the notice be omitted, the proceedings may be set aside as irregular. The only exception to this rule is in the case where a defendant has not appeared in the action (unless he be returned 'imprisoned for want of bail'). In the most general view of the subject, notices are to the effect that certain proceedings either have already taken place or will take place on some future day designated. Of the former description are notices of bail, of the entry of common rules, and of other similar formal proceedings which are required by the standing rules of practice, and of which, therefore, it is not necessary for the opposite party to be previously apprised. Of the latter description, which may be termed 'prospective notices,' are notices of trial, of motion, and of other similar proceedings, on which the opposite party has a right to be heard before the full benefit of the notice can be obtained."

It was not the intent of Rule 35 to compel the giving of

notices in advance in any case where, under the old rules of practice, it was not necessary to apprise the opposite party in advance of the proceedings about to be taken. If the interpretation for which petitioner contends were to be given to the rule, then a writ of attachment issued in a cause in continuation of suit would be of no validity unless notice were given in advance to a defendant who had either appeared or had served notice of retainer. So with the issuing of the writ of garnishment. In such case the very advantage sought by the writ would possibly be of no avail, as a disposition could be made of the fund or property before service could be had. Garnishment proceedings are but auxiliary to the principal suit. It has never been the practice in this State to give the principal defendant notice of the steps taken in the garnishment proceedings.

The court below was not in error in denying the motion. The writ is denied.

The other Justices concurred.