D. M. OSBORNE & COMPANY v. E. HUGHEY, CYRUS COOK,

WILLIAM DANIELS AND J. L. TERBUSH.

(Filed March 4, 1904.)

1. **INHERENT POWER OF THE COURT.** Every court has the inherent power to control its own process, and where the return on an execution shows that the same has not been made in accordance with law, and is in violation of the express terms of the statute, authorizing the issuing and levy on said execution, the court from which such execution issued has the power to vacate, set aside or cause such return to be corrected.

2. **LEVY OF EXECUTION ON MORTGAGED PERSONAL PROPERTY.** Running section 3587, Wilson's Statutes, provides: "Personal property mortgaged may be taken under attachment or execution issued at the suit of a creditor of a mortgagor," and section 3588 provides: "Before the property is so taken the officer, on execution, or attachment creditor, must pay or tender to the mortgagee the amount of the mortgage debt and interest, or must deposit the amount thereof with the county treasurer, payable to the order of the mortgagee."

(Syllabus by the Court.)

*Error from the. Probate Court of Woods County; before Jeff Bower, Trial Judge.*

*Cowgill & Dunn,* for plaintiff in error.

*Snoddy & Son,* for defendants in error.

### STATEMENT OF FACTS.

On the first day of July, 1903, the plaintiff in error, D. M. Osborne and Company, recovered a judgment against E. Hughey, one of the defendants in error, in the probate court of Woods county, Oklahoma Territory, for the sum of $383 and costs, and on the same day plaintiff in error caused an execution to issue out of said court based upon the said judgment. On the 16th day of July, 1903, the sheriff of Woods county made his return, showing that under and by virtue of the said execution, he had levied upon the following property of the defendant, E. Hughey: "Five stacks of wheat, about seven acres of Kaffir corn, about three acres of Indian corn, on homestead of defendant in error, E. Hughey, one bay mare about 12 years old, weight about 1,000 pounds, one gray horse about 12 years old, weight about 1,100 pounds, one Rex buggy and single harness, one iron bedstead, one cook stove, one teakettle, one iron pot, one tin dishpan, one coffee mill, three cups and saucers, three plates, two wooden chairs." On the 18th day of July, E. Hughey, the defendant in the action in said probate court, and Cyrus Cook, William Daniels and J. L. Terbush filed their motion to quash and set aside the levy, as to a portion of said personal property, made thereon by the sheriff of Woods county, because the record shows that said moving parties held chattel mortgages against said property, duly

recorded, prior to said levy, and because the sheriff in making said levy had not complied with the provisions of the Statute of Oklahoma Territory, regulating levies upon mortgaged personal property. Upon the hearing to quash and set aside the levy on the property claimed in said motion, the court sustained the motion, and quashed and set aside the levy on the property covered by the said chattel mortgages, to which action of the court the plaintiff in error excepted, and filed a motion for rehearing, which was overruled, and exceptions saved, and plaintiff in error brings the matter to this court on appeal.

Opinion of the court by

IRWIN, J.: The first error assigned by plaintiff in error is, that the court had no jurisdiction to try the motion. We think this assignment of error is not well taken, as we take it to be a proposition of law too well settled to require the citation of authorities, that every court has the inherent power to control its own process, and whenever it is apparent from the return of an officer, on an execution issued out of any court, that the plain provisions of the law have been disregarded, and that such levy is in violation of the statutes, authorizing the issuing and levy of execution, it is not only the right but the duty of the court to vacate and set aside such levy. But it is claimed by plaintiff in error that the record in this case fails to show that any mortgage debt was proven. Copies of the record contained in the case made, and which are conceded to be correct, show that the mortgages in question were regularly executed, and duly recorded prior to the issuing of the execution in this case. It is alleged in the motion that the parties making

it, were the holders and had possession of such chattel mortgages. Now the question to be determined is whether with these mortgages standing, uncancelled of record, the action of the sheriff, as shown by the return, was such as to create a legal lien by virtue of his levy under the execution. The Statutes of this Territory provide, in section 3587, Wilson's Statutes:

"Personal property mortgaged may be taken under execution, or attachment, issued at the suit of a creditor of a mortgagor."

But section 3588 of Wilson's Statutes also provides that:

"Before the property is so taken the officer, on execution, or attachment creditor, must pay, or tender to the mortgagee, the amount of the mortgage debt and interest, or must deposit the amount thereof with the county treasurer, payable to the order of the mortgagee."

As a general proposition it is good grounds for quashing a return when it is not made in accordance with the law, or where the officer who made it was disqualified, or where the levy was made prematurely, or where the levy has been in violation of the debtor's right to select the property to be levied upon. 8 Enc. Pl. and Pr. 579 and 580.

Where the method of making the levy is prescribed by statute it is the duty of the officer making the levy to proceed in strict accordance with the statute, and if he does not do so the levy may be set aside, or he may be made to respond in damages to any one whom he has injured by his neglect. 8 Enc. Pl. and Pr. 504; *Litchfield v. Cudworth,* 15 Pick. (Mass.) 32. In the case of *A. B. Moore v. J. L. Calvert, et al.* 8 Okla. 358, this court says:

"The liens created respectively, by mortgage and execu-

tion on the same chattels, are essentially different and cannot co-exist. Before the lien of an execution can `attach, the officer must pay off or tender the amount of any existing mortgage liens, or deposit the amount of the mortgage debt with the county treasurer, for the use of the holder of the mortgage."

Now, in the case under consideration it is not contended that any attempt was made by the sheriff prior to making the levy, to ascertain the amount due on these various mortgages, or to make any tender to the mortgagees, or to make any deposit for his use with the county treasurer; in fact no attempt was made in any way to comply with the plain provisions of the statute. Hence, we think that no lien attached in this case, by virtue of the execution or the levy made thereunder, as against the rights and interests of the mortgagees. When the officer failed or neglected to pay or tender the amounts due upon these mortgages, which might readily have been ascertained by an examination of the record, the levy of the execution was illegal, and no execution lien attached, as against the rights of these mortgagees, and the legal holder thereof. Under the statute he was required to do this, that is to make an estimate of the amount due on account of these mortgages and make a tender, as a condition precedent to making any levy, under and by virtue of his execution. We think that the record at page twenty, with the findings of fact by the court, as contained in the journal entry, shows all the facts necessary to constitute good and sufficient grounds for the vacating and setting aside of the levy, as, under the plain provision of the law, the act of the sheriff in making the levy without complying with the requirements of the statute, made such

levy premature.    Hence, we think the action of the probate court in sustaining the motion to vacate the return, and quash the levy, was in strict accordance with the law, and should be affirmed, which is hereby done accordingly.

Burford, C. J. absent; all the other Justices concurring.