## BROACH et al. v. BELCH.

No. 14177—Opinion Filed Oct. 2, 1923.

Rehearing Denied Dec. 4, 1923.

(Syllabus.)

1. **Attachment—Necessity for Bond— Nonresident Defendants.**

Section 342, Comp. Stat. 1921, provides that no undertaking in attachment shall be required where the party or parties defendant are all nonresidents of the state or a foreign corporation. Held, that the parties referred to are parties defendant in attachment proceedings, or party or parties against whom the order of attachment is issued, and do not necessarily include all parties defendant in the case.

2. **Attachment—Validity—Levy on Mortgaged Property.**

Section 7601, Comp. Stat. 1921, which requires the attaching creditor of mortgaged property to pay the mortgagee the amount of the mortgage or deposit the same with the county treasurer, is for the protection of the mortgagee alone, and the mortgagor cannot object to the levy because of the failure of the creditor to make payment or deposit.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by J. Ed. Belch against W. E. Broach and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Davidson & Williams and F. W. Peck, for plaintiffs in error.

Biddison & Campbell, for defendant in error.

COCHRAN, J. This action was commenced by defendant in error against plaintiffs in error to recover on a bond executed by plaintiffs in error to discharge attachment levied on certain property of the Carr-Broach Company, a corporation. The parties will hereinafter be referred to as they appeared in the trial court. In 1921, J. Ed. Belch commenced a suit against the Carr-Broach Company, a Delaware corporation, Mark E. Carr, and L. F. Broach, to recover the sum of $10,000 and on the same day filed an attachment affidavit for the purpose of procuring a writ of attachment against the property of the Carr-Broach Company. The writ was issued and levied on the property of the Carr-Broach Company, and, thereafter, the company gave bond for the purpose of discharging the attachment, signed by W. E. Broach and G. C. Stebbins, as sureties, and upon the execution and filing of the bond, the property was released from the attachment. Upon the trial of the case, judgment was rendered for the plaintiff for $8,057. This suit was then instituted against the sureties on the bond and judgment rendered for the plaintiff, from which the defendants have appealed.

Defendants contend that the attachment proceedings are void because no attachment bond was given before the attachment was issued and because the property seized under the attachment writ was covered by a chattel mortgage to the Jayhawker Gasoline Company and plaintiff did not pay the amount of the mortgage debt or deposit an amount with the county treasurer before taking same under execution, and contends, further, that the attachment proceedings being void, there was no consideration for the execution of the bond. Section 342, Comp. Stat. 1921, provides that the order of attachment shall not be issued until an undertaking has been executed by the plaintiff and approved by the clerk; but this statute also provides:

"But no undertaking shall be required where the party or parties defendant are all nonresidents of the state, or a foreign corporation."

In the instant case, the Carr-Broach Company was a foreign corporation, but Carr and Broach were residents of the state, and it is contended by the defendants that because all of the defendants in the main action were not nonresidents a bond was required. This question was determined by the Supreme Court of Kansas in the case of Head v. Daniels, 15 Pac. 911, in which the court said:

"We think the above-quoted clause of section 192 of the Civil Code, which provides that 'no undertaking shall be required where the party or parties are all non-residents', simply means to provide that no undertaking shall be required where the party or parties defendant in the attachment proceedings, or the party or parties against whom the order of attachment is issued,

are all nonresidents, and does not necessarily include all the parties defendant in the case."

In the instant case, the attachment proceedings were against the nonresident defendant, and we are of the opinion that under these circumstances no bond was required in order to authorize the issuance of attachment against the nonresident corporation.

As to the contention that the levy was void because the property was mortgaged and the levy was made without complying with section 7661, Comp. Stat. 1921, it is our opinion that this statute is for the benefit of the mortgagee and not the mortgagor. Section 7660, Comp. Stat, 1921, gives the right of creditor to levy on mortgaged property, which right did not exist in the absence of statutory authority, and the provisions of the next section are for the benefit of the mortgagee. In Willson v. Felthouse (Iowa) 57 N. W. 878, the court said:

"Acts 21st Gen. Assem. c. 117, sec. 1, which requires an attaching creditor of mortgaged property to pay the mortgagee the amount of his mortgage, or deposit it with the clerk of the court, is for the protection of the mortgagee alone; and the mortgagor and his assignees cannot object to the levy because the creditor failed to make the payment or deposit, if it was waived by the mortgagee."

In State v. Parks, 34 Okla. 335, 126 Pac. 242, this court said:

"The provisions of the statute with reference to payment of the debt to the mortgagee were waived by it in this case, and Collins could not take advantage of it."

In Osborne v. Hughey, 14 Okla. 29, 76 Pac. 146, this court said:

"Now, in the case under consideration, it is not contended that any attempt was made by the sheriff, prior to making the levy, to ascertain the amount due on these various mortgages, or to make any tender to his mortgagees, or to make any deposit for his use with the county treasurer; in fact, no attempt was made in any way to comply with the plain provisions of the statute. Hence, we think that no lien attached in this case, by virtue of the execution or the levy made thereunder, as against the rights and interests of the mortgagees. When the officer failed or neglected to pay or tender the amounts due upon these mortgages, which might readily have been ascertained by an examination of the record, the levy of the execution was illegal, and no execution lien attached, as against the rights of these mortgagees, and the legal holder thereof."

While the foregoing Oklahoma decisions do not pass on the identical question before us, it seems clear from these decisions that it was the opinion of the court that the provisions of section 7661, Comp. Stat. 1921, were for the benefit of the mortgagee and that the mortgagor whose property was levied upon could not raise that question. It being our opinion that the attachment was properly levied, it is not necessary to consider the further contentions made by the defendants.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, HARRISON, and MASON, JJ., concur.