### FIRST NAT. BANK OF DRUMRIGHT v. KNIGHT et al.

No. 17168.    Opinion Filed Sept. 20. 1927.

(Syllabus.)

1. Appeal and Error—Judgment Supported by Evidence not Disturbed.

Where judgment of the trial court is reasonably supported by the evidence, such judgment will not be disturbed on appeal.

**2. Garnishment—Garnishment in Aid of Execution—Notice to Judgment Debtor Unnecessary.**

Under garnishment proceedings, after judgment, when an execution shall have been returned unsatisfied, section 753, C. O. S. 1921, no notice of such proceedings or summons therein are required to be given the judgment debtor, unless the judge of the court where proceedings are pending shall in his discretion deem it necessary to a proper determination of the rights of all parties interested, and shall so order.

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by First National Bank of Drumright against Orville Knight for recovery of money due on note. Judgment for plaintiff and execution issued, levy and sale thereunder of certain property, as the property of judgment debtor. Anna Knight allowed to intervene and set up claim and ownership to the property sold under execution. Sale set aside and vacated on the ground that the property sold belonged to intervener. From which judgment setting aside sale, plaintiff appeals. Judgment and holding of the lower court affirmed on this issue. Garnishment proceedings in aid of execution were had to enforce judgment in the case and certain funds paid in by the garnishee. Upon motion of judgment debtor, garnishment set aside and vacated because no garnishee summons served upon the judgment debtor. Judgment of the lower court on garnishment issue reversed, with directions to determine ownership of the funds garnished as between plaintiff and intervener Anna Knight. Affirmed in part and reversed in part.

S. A. Denyer and Hughes, Foster & Elinghausen, for plaintiff in error.

A. E. Graham, for defendants in error.

LEACH, C. Parties herein will be referred to as they appeared in the trial court.

On June 16, 1924, in the district court of Okmulgee county, the First National Bank of Drumright, as plaintiff, after personal service of summons upon defendant, obtained a default judgment against Orville Knight, defendant, for the sum of $2,525.39 due on promissory note, and for foreclosure of a chattel mortgage. On July 22, 1924, an execution was issued upon said judgment directed to the sheriff of Okmulgee county, which execution shows to have been returned by the sheriff of the said county upon the same date of its issuance, showing "no property found." On July 24, 1924,

plaintiff, by its attorney, filed in said cause an affidavit stating in substance that defendant was justly indebted to plaintiff in the sum of $2,525.39 over and above all offsets; that affiant verily believes the G. & G. Drilling Company, a copartnership, is indebted to and has property belonging to the defendant, and that defendant has no property subject to execution sufficient to satisfy plaintiff's demand and indebtedness; the said property being to the best knowledge and belief of affiant not exempt by law from seizure and sale upon execution. Pursuant to which affidavit a statutory form of garnishment summons was issued and served on the garnishee in Creek county. Whereupon the garnishee filed an answer on August 4, 1924, admitting its indebtedness to defendant in the sum of $1,150, which sum was paid in by it to the court clerk and by the court clerk paid to the plaintiff. On July 24, 1924, an execution was issued on the said judgment directed to the sheriff of Creek county, under which execution, as shown by the service return, an undivided one-third interest in the partnership "G. & G. Drilling Company," was levied upon and sold as the property of the defendant Orville Knight, to the plaintiff, for the sum of $100. Thereafter, the defendant filed his motion to set aside the said sheriff's sale, and on the same date Anna Knight, wife of the defendant, filed in the cause her motion to intervene, alleging that the property sold under the execution belonged to her and was not the property of the execution debtor; that the sale proceedings and levy were void, and asked that she be heard, and permitted to introduce testimony to show proceedings and sale under execution were void. On July 16, 1925, Orville Knight, defendant, filed a motion in said cause, in which he says he is appearing for the purpose of the motion only, and moved the court to vacate, set aside, and hold for naught, the garnishment summons issued in said cause, for the reason the same was not issued, served and returned according to law; that the same had never been served upon him and that the court did not acquire jurisdiction over the subject-matter by reason of said garnishment. Anna Knight likewise, by leave of the court, filed her separate motion alleging the property and funds garnished to be her funds and property; that the garnishment proceedings were void, no garnishee service having been had on defendant; that the moneys garnished had been paid to plaintiff without any order of the court, and prayed the court to order the moneys repaid to the court clerk and that the clerk be ordered to pay the same to her.

Thereafter a hearing was had upon said motions by the court. Upon which hearing and evidence introduced, the court, on October 24, 1925, found and entered an order, a part of which is as follows:

"* * * The court being fully advised in the premises finds: That the execution issued in this cause on the 24th day of July, 1924, and under which a sale was had, is void and of no force and effect.

"The court further finds that Anna Knight has a right to intervene in this cause and claim said property, and under the proof offered the court finds that the said Anna Knight is the owner of said property.

"The court further finds that it is unnecessary to pass upon the question of the garnishment at this time; * * * that said funds should be restored to the hands of the court clerk of Okmulgee county * * * within five days from this date, and is to be held by the clerk of this court until a hearing is had as to who is the owner of said funds.

"It is therefore considered, ordered, adjudged, and decreed by the court that the sale heretofore had under said execution, issued out of the office of the court clerk on the 24th day of July, 1924, be vacated, set aside and held for naught.

"It is further ordered that the execution issued in this cause be quashed, set aside, and held for naught; * * * that a further hearing be had as to the ownership of said funds so garnished. Said hearing to be had at such time as is convenient to the court."

To which finding, order and judgment, the plaintiff duly excepted and filed its motion for new trial, which was overruled and notice of appeal given.

On December 22, 1925, a hearing was had before the court, and evidence introduced upon the motions of the defendant and Anna Knight, intervener, to vacate and quash the garnishment proceedings against the G. & G. Drilling Company, and thereafter, on January 5, 1926, the court rendered a decision upon such motion and hearing, and found and adjudged in substance that the garnishment summons issued on the 24th day of July, 1924, to the G. & G. Drilling Company should be quashed, set aside, and held for naught, for the reason that said summons was never served upon the principal defendant Orville Knight; and the court in its judgment and decree found that it had no jurisdiction to pass upon the other matters involved, and declined to pass upon findings of fact and conclusions of law requested by the plaintiff respecting the ownership of and rights to the moneys and property garnished, no order and finding being made or entered in such judgment as to the ownership of the funds. To the ruling and judgment of the court the plaintiff excepted, filed its motion for new trial, and gave notice of appeal, and has perfected this its appeal, from the judgments of the lower court.

Plaintiff in its petition in error sets out 14 specifications of error, but argues and presents for consideration such errors under six heads or propositions, which we will consider as follows:

"Proposition No. 1.

"The execution under which the property was sold was not void, but the irregularity therein was subject to amendment; therefore, the sale should not have been set aside on this ground."

Plaintiff assumes that the trial court quashed, set aside, and held for naught, the execution, for the reason and upon the ground that the execution issued recited in the body thereof, that the judgment against the debtor was entered in Creek county when it should have recited Okmulgee county. Also, in its heading it recited "State of Oklahoma," "Creek County," and cites a number of cases and presents argument that such irregularity in the execution writ was subject to amendment and not sufficient grounds upon which to quash the same. Before the trial court rendered judgment in the matter, he permitted the plaintiff to amend the execution, inserting therein "Okmulgee County" where proper. Such action would indicate that the trial court did not quash and set aside the execution by reason of that particular defect or irregularity. The trial court does not state upon what grounds the execution is set aside, but does find that the property levied upon and sold was the property of the intervener, Anna Knight, and in its order vacates the sale under the execution. Defendant argues and asserts that there were other irregularities in the levy of the execution, in that the sheriff of Creek county did not deliver the execution to the court clerk, as provided by section 725, C. O. S. 1921; that the return of the execution was made after its return date.

We think from an examination of the record that the real reason or intent of the court in setting aside the execution was because he found that the property sold thereunder was not the property of the judgment debtor. In view of the finding and judgment of the court, finding that the intervener was the owner of the property sold and vacating the sale, it is unnecessary

to determine or pass upon the merits of the argument respecting the irregularity or defect in the writ itself, or the failure of the sheriff to deposit the same with the court clerk. If the property sold under the execution was not the property of the judgment debtor as found by the court, then it is immaterial as to the irregularity of the issuance of the execution, and we do not deem it necessary to discuss or pass upon the issue raised on that point because the next proposition, No. 2, and our holding thereon is decisive of the matter.

"Proposition No. 2.

"Mrs. Anna Knight showed no interest in the property sold under the execution, and, therefore, the sale should not have been set aside on her motion."

In support of the claim of Anna Knight to the ownership or interest in the property sold under the execution, and to sustain her claim, she introduced in evidence copies of telegrams from her, dated prior to sale, addressed to plaintiff and the sheriff, notifying them of her claim of ownership and protesting the sale; also a certified copy of chattel mortgage executed by the judgment debtor, Orville Knight, in favor of Anna Knight, securing payment of note dated May 19. 1923, for the sum of $7,187.24, and describing the property mortgaged as:

"An equal one-third interest in two strings of drilling tools known as G. & G. Drilling Company of Drumright, Oklahoma"

—and also introduced certified copy of bill of sale from Orville Knight to intervener dated March 12, 1924, describing therein property as described in the said chattel mortgage, both instruments showing to have been filed in the office of the court clerk of Creek county a considerable period of time prior to the execution, the chattel mortgage being filed at a date prior to the rendition of the judgment under which the execution was levied. Anna Knight testified in substance that the G. & G. Drilling Company owned no tools except those described in the chattel mortgage and bill of sale; asserted that the note and mortgage indebtedness had not been paid or satisfied, and were given and executed for moneys loaned, advanced and paid by her to Orville Knight.

Plaintiff in error argues and asserts that the property advertised and sold under the execution, to wit, "An undivided one-third interest in the partnership known as the G. & G. Drilling Company," was not the property described and conveyed by the chattel mortgage and bill of sale in favor of Anna Knight, and failed to show that her interest

was the same as that advertised and sold at sheriff's sale.

If the testimony of Anna Knight is true, and it was not contradicted, that is, that the drilling company only owned tools as described in her mortgage and bill of sale, then the sale of an interest in the partnership as the property of the judgment debtor Orville Knight would include the particular tools. We think the argument of plaintiff on that point not well grounded. Under the holding of this court and the reasonings therein set out in the cases of Osborne v. Hughey, 14 Okla. 29. 76 Pac. 146, Broach v. Belch, 96 Okla. 148, 221 Pac. 77, and Swan v. Bailey, 71 Okla. 30, 174 Pac. 1065; the claim and assertion by plaintiff that the intervener did not show any consideration for the transfer of the property to her, or that she only held a lien thereon at most, and therefore execution and sale should not have been set aside, is not correct

The evidence is sufficient to warrant and sustain the holding of the court that the property levied upon and sold under the execution was the property of Anna Knight, and warranted the setting aside of the sale, at any rate so far as the sale related to the particular drilling tools in question.

We do not mean hereby to find or intimate as to any other issue under the sale or execution, and we take it that the parties to the action considered that the only property sold thereunder was the tools in question. We therefore conclude and hold that there was no error in the judgment of the court setting aside the sale under the execution, and holding the execution for naught.

"Propositions Nos. 3 and 4.

"No. 3. The defendant Orville Knight was not entitled to service of garnishment summons in a proceeding in garnishment where execution has been returned unsatisfied, and, therefore, the garnishment proceeding should not have been set aside on his motion.

"No. 4. Mrs. Anna Knight showed no interest in the funds garnished, and, therefore, the garnishment proceeding should not have been set aside on her motion."

At page 215 of the case-made will be found the following from the journal of the court:

"That the garnishment herein should be quashed on motion of defendant Orville Knight for the reason that no service of summons on said garnishment was ever had upon said defendant. It is ordered, adjudged, and decreed that said garnishment therefore be quashed."

At page 218 of the case-made will be

found the further judgment record, journal entry, as follows:

"* * * Now, on this 5th day of January, 1926, the above cause comes on for further hearing and decision of the court, the plaintiff appearing by its attorney, S. A. Denyer, the defendant Orville Knight appearing specially and for the purpose of this motion only by his attorney, A. E. Graham, and the intervener, Anna Knight, appearing by her attorney, A. E. Graham, and the court being fully advised in the premises finds: That the garnishment summons issued herein on the 24th day of July, 1924, to the G. & G. Drilling Company should be quashed, set aside and held for naught, for the reason that said summons was never served upon the principal defendant Orville Knight. The court further finds that defendant Orville Knight has never entered his general appearance herein.

"The court further finds that it has no jurisdiction to pass upon the other matters involved herein.

"The court further finds that the plaintiff's requested findings should be refused for the reason that the court has no jurisdiction to determine the matters upon which findings of fact and conclusions of law are requested. * * *"

From this record it appears and is evident that the trial court set aside the garnishment on motion of the defendant Orville Knight because the garnishment summons was never served upon him.

The question here to be determined is, Under what provision of the statute was the garnishment affidavit and execution filed and issued, and was it necessary that the garnishment summons be served upon the principal defendant?

Plaintiff asserts that the garnishment proceedings were taken and had under section 753, C. O. S. 1921, which is as follows:

"When an execution shall have been returned unsatisfied, the judgment creditor may file an affidavit of himself, his agent or attorney, in the office of the clerk, setting forth that he has good reason to, and does believe that, any person or corporation, to be named, has property of the judgment debtor, or is indebted to him, and thereupon the clerk shall issue an order, requiring such person or corporation to answer, on or before a day to be named in the order, not less than ten or more than 20 days from the date of issuing the same, all interrogatories that may be propounded by the judgment creditor concerning such indebtedness or property."

And that no service or notice is required to be given the judgment debtor. Defendant contends that by reason of the issuance of

an execution to the sheriff of Creek county on the same date of the issuance of the garnishment, July 24, 1924, the writ of garnishment could not be invoked until the sheriff had made a return upon such execution; also contending that under the provisions of sections 750, 753 and 755, C. O. S. 1921, garnishment summons must be served upon the defendant.

From an examination of the record, it is shown that two days prior to the issuance of the garnishment and execution to Creek county, an execution had been issued on the judgment to the sheriff of Okmulgee county, the county in which the judgment was rendered, and that execution had been returned showing no property found. Defendant in error cites the case of Brennan v. Moore, 93 Okla. 294, 221 Pac. 40, to sustain his contention that the writ of garnishment could not be invoked and used until after reasonable effort to find property under execution. The record in the Brennan v. Moore Case, supra, shows that the executions issued in that cause were returned by the sheriff at the request of the attorney for the plaintiff even after he had made levy under one of them on an automobile. The facts there shown would not be in accord with the record in the case at bar.

"Return nulla bona must be made on officer's own responsibility. Madden v. Union Pac. R. Co., 89 Kan. 282 131 Pac. 552."

The presumption is that the officer executing the writ in the case at bar discharged his duty and made his return in good faith. If the facts were otherwise they should have been so shown by the defendant, then the ruling as announced in Brennan v. Moore, supra, would be applicable.

"Where a statute merely requires a return nulla bona without other showing as to return of property, a return of no property is sufficient." Malley v. Altman, 14 Wis. 22.

We think that an execution issued and returned in good faith is sufficient to warrant, under the statutes, garnishment proceedings in aid of execution, and merely because a second or alias execution may be issued or was issued on the judgment does not take away the rights under the garnishment or nullify the same.

The affidavit of the plaintiff is sufficient to comply with the provision of section 753, C. O. S. 1921, and from the steps taken we conclude that it was intended to have garnishment in aid of execution under that section, notwithstanding there are other provisions authorizing garnishment in aid of execution and otherwise. After judgment and return

of execution thereon showing no property found, it would be reasonable to assume that the garnishment proceedings afterward would be in aid of execution, and came under some one of the provisions authorizing garnishment under the chapter on Execution.

Section 753, C. O. S. 1921, contains no provision directing notice of summons to be served upon the judgment debtor. Section 737, Garnishment on Execution, C. O. S. 1921, is a provision of statute largely similar to section 753, C. O. S. 1921, except under the latter statute, 753, the order is issued by the clerk while in the prior section it appears that the order should be issued by the judge. Under provision of section 737, it is provided that the judge may also, in his discretion, require notice of such proceedings to be given to any party in the action, in such manner as may seem to him proper.

Defendant in error calls attention to section 750, C. O. S. 1921, "the orders mentioned in the foregoing sections shall be in writing, and signed by the judge making the same, and shall be served as a summons in other cases; * * *" and section 755, C. O. S. 1921: "All subsequent proceedings against the garnishee shall be the same as in cases of attachment, so far as applicable," and contends that these last-quoted sections require summons to be served upon the judgment debtor. From an examination and reading of the sections and provisions of the statute preceding section 750, C. O. S. 1921, we are unable to find or conclude that such section directs a garnishee summons be served upon the judgment debtor.

This court, in the cases of Yoast v. Wills, 5 Okla. 170, 49 Pac. 56; Mason v. Miller, 54 Okla. 46, 153 Pac. 187; Brennan v. Moore, supra, held that in garnishment in aid of judgment, after execution thereof returned unsatisfied, no bond is required to be given, and in discussing that question and referring to section 753, C. O. S. 1921 section 5211, Rev. Laws 1910, in Mason v. Miller, supra, made the statement:

"No mention of a bond is made under this section."

The court in its holding in Mason v. Miller, supra, in effect, held, that the provisions of section 755, C. O. S. 1921, did not require a bond as is required under proceedings against a garnishee as in cases of attachment.

We find no direct provision or statute or decision of this court directing that service of summons must be made upon the judg-

ment debtor in case of garnishment in aid of execution

Defendant in error cites a number of decisions of this court holding that service must be made upon the principal defendant, but it will be observed from a reading of those cases and decisions that they construe and have reference to garnishment prior to judgment against principal defendant, and hold that no judgment can be rendered against the garnishee until service is had upon principal defendant and judgment rendered against him, as is directly provided for by statute.

Defendant in error cites the case of Harrison v. Williams, 95 Okla. 142, 218 Pac. 305, as sustaining their contention, but we think the same falls under the same head and class of cases just mentioned and cited by defendant.

The general rule as to notice of garnishment to the principal defendant laid down by the following text-writers and decisions is as follows:

Section 280, page 350, Rood on Garnishment:

"No Notice Need be Served on Defendant. Section 280. If jurisdiction has never been acquired over the principal defendant, so that a personal judgment can be rendered against him, notice, either actual or constructive, must be given him of any proceedings to reach his property, or by which his rights are to be determined, whether the suit be by garnishment or otherwise, for the reason that the rights of no person can be concluded by any proceeding till he has had his day in court. But, in all cases in which he has been personally served with process, or has appeared, so that jurisdiction is acquired by the court to render a personal judgment against him, no notice need be given him of any proceedings by garnishment, instituted in aid of such action, or to collect the judgment rendered therein, unless such notice is required by some provision of the statute under which the garnishment suit is conducted." Citing: Winner v. Hoyt, 68 Wis. 278, 289, 32 N. W. 128; Kesler v. St. John, 22 Iowa, 565; Phillips v. Germon, 43 Iowa, 101; Smith v. Dickson, 58 Iowa, 444, 10 N. W. 850; Union Pac. Ry. Co. v. Smersh, 22 Neb. 751, 36 N. W. 139; Reed v. Fletcher, 24 Neb. 435, 39 N. W. 437; Jarvis v. Mitchell, 99 Mass. 530; Chanute v. Martin, 25 Ill. 49.

In Shinn on Attachment and Garnishment, section 607, page 998, it is said:

"* * * Where, however, a garnishment process is issued upon a judgment (i. e., in aid of an execution) it is not generally necessary that notice of the garnishment be given to the judgment debtor."

See, also, Parks v. Adams, 113 N. C. 473, 18 S. E. 665; Wright v. So. Ry. Co., 141 N. C. 164, 53 S. E. 831; Wilmington v. Sprunt, 114 N. C. 310, 19 S. E. 348; Lanham v. Lanham, 30 W. Va. 222, 4 S. E. 273; M. P. Ry. Co. v. Whipsker, 77 Tex. 14, 13 S. W. 639, 19 A. S. R. 734, 8 L. R. A. 321; J. J. Smith Lbr. Co. v. Scott Co. Garbage Reducing & Fuel Co., 149 Iowa, 272, 128 N. W. 389; Ency. Press Inc. v. Endicott Johnson Corp. 234 N. Y. 627, affirmed 266 U. S. 285; Ketcham v. Kent, Circuit Judge, 115 Mich. 60, 63, 72 N. W. 1110; Hexter v. Clifford, 5 Colo. 168, 173; Daigie v. Bird, 22 La. Ann. 138, 139; Cross v. Brown, 19 R. I. 220, 33 Atl. 147; High v. Bank of Commerce, 95 Cal. 386, 30 Pac. 556.

The case of Endicott Johnson Corp. v. Ency. Press Inc., supra, decided by the Supreme Court of the United States, was an appeal from decision of the New York court holding valid a statute of that state providing that, where a judgment had been recovered and an execution thereon returned unsatisfied, the judgment creditor might apply to the court without notice to the judgment debtor, and obtain an order that an execution issue against the wages, debts, earnings, salary, income from trust funds, or proceeds of the judgment debtor, and that such execution upon service shall become a lien and a continuing levy upon such wages, etc., to the amount specified in the execution, not exceeding ten per centum thereof until the execution is fully satisfied. The Supreme Court of the United States in discussing the case before it said in part:

"However, the established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment. Thus, in the absence of a statutory requirement, it is not essential that he be given notice before the issuance of an execution against his tangible property; after the rendition of the judgment he must take 'notice of what will follow,' no further notice being 'necessary to advance justice.' Ayres v. Campbell, 9 Iowa, 213, 216; Reid v. Railway Co., 32 Pa. St. 257, 258; Foster v. Young, 172 Cal. 317, 322; McAnaw v. Matthis, 129 Mo. 142, 152.

"There is no more reason why the judgment debtor should be entitled to notice after the issue of an execution provided by statute as supplemental process to impound, in satisfaction of the judgment, choses in action due to him which cannot be reached by an ordinary execution. No established rule of our system of jurisprudence requires that such notice be given. On the contrary, it has been frequently held in the state courts, that, in the absence of a statutory requirement, it is not essential that the judgment debtor be given notice and an opportunity to be heard before the issuance of such garnishment. High v. Bank of Commerce, supra, p. 387; Coffee v. Haynes, 124 Cal. 561; Ketcham v. Kent, 115 Mich. 60, 63; Hexter v. Clifford, 5 Colo. 168, 173; Kesler v. St. John, 22 Iowa, 565, 566; Phillips v. Germon, 43 Iowa, 101, 102. * * * In High v. Bank of Commerce, supra, in which the constitutionality of a garnishment statute was challenged because it did not require notice to the judgment debtor before issuance of the writ, the court said: 'So far as the judgment debtor is concerned, he cannot complain; he is a party to the judgment, and is fully aware of the legal effect of it, viz.: That what his debtors owe him can be applied, by proper proceedings in the action which is still pending, to the satisfaction of his judgment debts; and due process of law has been had to make him aware of that fact. If, then, anything is due from his debtor, he is not injured if it is so applied. If nothing is due him from such debtor, then the matter is of no concern to him. * * *'"

Certain wages are exempt from garnishment and execution under the provisions of sections 740 and 741 C. O. S. 1921, and the question or argument might arise that, if no notice be served upon the judgment debtor, how can his rights be preserved? The sections granting such exemptions provide that such earnings shall not be applied in satisfaction of judgment "when it is made to appear, by the debtor's affidavit or otherwise, that such earnings are necessary for the use of a family supported wholly or partly by his labor."

Section 737, C. O. S. 1921, which is a section largely similar to section 753, C. O. S. 1921, provides in the last paragraph thereof the following:

"The judge may, in his discretion, require notice of such proceedings to be given to any party in the actions in such manner as may seem to him proper"

—which statute and provision should be construed in connection with section 753, supra, and if the court deemed it necessary to a proper determination or disposition of garnishment funds or property, it has the right and duty to require notice of such proceedings be given to any party in the action in such manner as may seem to him proper.

If it should appear to the court having jurisdiction to direct the payment of the funds in satisfaction of the judgment, that the property or moneys garnished were exempt, or any portion thereof, it would be the

duty of the court to grant such exemption, or, in other words, the court would have no authority to order the application of such exempt wages. Under provisions of section 360, C. O. S. 1921, garnishee is required to make full disclosure as to funds in his possession, and if the garnishee has knowledge or reason to believe that the property or funds in his hands are exempt, apparently, it would be his duty to set up such fact in his answer if he desired to absolve himself from liability, although we do not mean to be understood here and now laying down any particular rule or decision. Such appears to be the general rule laid down by text-writers and indicated by this court in the case of St. L. & S. F. R. Co. v. Crews, 51 Okla. 144, 151 Pac. 879. The judgment debtor may, in all cases, defend the proceedings against the garnishee upon any ground upon which the garnishee might defend the same, and defendant may participate in the trial of any issue between the plaintiff and garnishee for the protection of his interests, as was said in the case of Mason v. Miller, supra, but we conclude that a garnishment proceedings such as in the case at bar, does not necessarily require notice of service of garnishment summons upon the judgment debtor, and by lack of such is not void. The decision of the trial court holding otherwise is and was erroneous. In the case at bar, it will be observed from an examination of the record that the judgment debtor claimed no exemption and testified that he had previously assigned his interest in the funds or monies to Anna Knight, the intervener. The trial court failed to pass upon the issue as between the judgment debtor, plaintiff, and the intervener, claimant Anna Knight, as to the right and ownership of the funds. Such issue should have been determined and decided at the hearing instead of disposing of the matter by holding the garnishment summons void. We are not required or authorized to determine the ownership and question of application of the funds and monies garnished except upon appeal on such question after decision by the trial court.

### "Proposition No. 5.

"It is the duty of the court, upon request of the plaintiff, to make special findings of fact and conclusions of law separately upon timely request, upon the issues joined by the motions and the replies thereto."

We do not deem it necessary here and now to discuss or pass upon the proposition No. 5, as that matter is largely disposed of in a reversal of this cause upon the preceding propositions The issue in proposition No. 5 may or may not arise in a retrial of this matter, and we do not think a decision thereon at this time is necessary to a proper disposal of this cause.

### "Proposition No. 6.

"Both the defendants in error were guilty of laches and showed no diligence in prosecuting their motions and asserting the interest claimed in the property and funds involved in this action."

We find no particular merit in this issue as the record does not show any unreasonable delay on the part of the defendant, especially in view of the fact that the plaintiff likewise had never applied to the court for any order directing the payment of the funds and monies garnished, but obtained such monies from the court clerk without any order of the court.

For the reasons herein set out, the judgment of the court setting aside the sale of the property under the execution is affirmed; and the judgment of the trial court quashing and vacating the garnishment proceedings on the motion of the defendant Orville Knight, on the ground that garnishment summons was not served upon him, is reversed, and the trial court directed to pass upon and dispose of the issue of ownership and rights of the parties to the funds garnished.

BENNETT, REID, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879, §2853; 2 R. C. L. 203. (2) 28 C. J. p. 238, §326 (Anno).