Parks' ex'r vs. Cooke.

CASE 53—PETITION EQUITYY—JANUARY 30.

# Parks' ex'r vs. Cooke.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. An appeal taken and prosecuted in the name of a defendant, who was constructively summoned without his knowledge or consent, and dismissed for want of a bond, should not be regarded as an appearance by him, or as operating to affect his right to proceed in the court below to vacate the judgment.

2. Contracts may be contained in several instruments, which, if made at the same time, between the same parties, and in relation to the same subject, will be held to constitute but one contract. (*Parsons on Contracts, vol.* 2, *p.* 14; *Knott's adm'r vs. Hogan,* 4 *Metcalfe,* 100.)

3. Although Trimble only signed the note, it seems to us he accepted the deed executed simultaneously with it, and concerning the same subject-matter. The note and deed should be construed together as if they were only parts of the same instrument; and that the stipulation in the deed, therefore, as to the consequence of a failure of Trimble to pay the interest, was as binding on him as if it had been incorporated in the face of the note.

4. Whether an ordinary assignee of the note, dated May 1st, 1856, due on or before the 1st day of March, 1862, *with interest, payable annually,* without notice of the stipulation in the deed "that, should the interest be suffered to remain unpaid for thirty days after the same shall become due and payable, that then the whole debt, with interest accrued, shall be due and payable as if the full time had expired," would or not have lost his recourse by failing to sue on the note within a reasonable time after the right to do so had accrued according to the contract; the immediate connection of Parks with the transaction, and his participation in it, sufficiently import a knowledge on his part of all its terms; and as he might, therefore, by the exercise of reasonable diligence, have enforced his lien, as well as recovered a personal judgment against Trimble long before he sued said Trimble at all, Cooke, the assignor of the note, was, by the failure of Parks, the assignee, to use proper diligence, exonerated from responsibility as the assignor of the note.

BOYD WINCHESTER and
BUSH & SHIVELL,                                    For Appellant,
             CITED—

    1 *Met.*, 649 ; *Gill vs. Johnson.*
    4 *Met.*, 342 ; *Allen vs. Brown.*
    1 *Washburn on Real Property, p.* 325.

E. S. WORTHINGTON,                                 For Appellee,
             CITED—

    4 *J. J. M.*, 307 ; *Wood vs. Berthard.*
    *Civil Code, sec.* 445.
    14 *B. Mon.*, 270 ; *Payne vs. Witherspoon.*
    4 *Met.*, 343 ; *Allen vs. Brown.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

On the 1st day of May, 1856, the appellee sold to
Edward C. Trimble ten acres, one rood, and thirteen
poles of land, lying near the city of Louisville, in Jef-
ferson county, and which was a part of a tract of about
ninety-four acres theretofore sold to the appellee by
Floyd Parks, who held a lien upon it for purchase
money ; and by an arrangement between the appellee,
Trimble, and Parks, Trimble executed the following note,
which was at the same time assigned by Cooke to Parks :

" $2,200 54. On or before the 1st day of March, 1862,
I promise to pay to Geo. E. Cooke or order, two thou-
sand two hundred dollars and fifty-four cents, with inter-
est, payable annually on 1st of March, each year, being
for land sold me this 1st day of May, 1856, and con-
veyed by deed of this date.     EDWARD C. TRIMBLE."

The appellee, at the same time, executed a deed to
Trimble, containing the following stipulation :

" It is further agreed and understood between the par-
ties, that should the interest be suffered to remain un-
paid for thirty days after the same shall become due

and payable, that then the whole debt, with interest accrued, shall be due and payable as if the full time had expired."

The deed was accepted by Trimble, with the following agreement indorsed upon it, signed by Cooke and Parks: "It is understood that said ten acres, one rood, and thirteen poles of land, is part of ninety-four acres of land bought by said Cooke of Floyd Parks, and by him from John Doup. Said Parks retained a lien on said land for the purchase money, and the two thousand two hundred dollars and fifty-four cents note given by said Trimble is assigned by said Cooke to said Parks, and the lien reserved in the deed from Parks to Cooke on the land herein conveyed is hereby released, and the lien on the same retained in this deed. See the release also on the deed from Parks to Cooke; but this is in nowise to affect Park's lien on the balance of the ninety-four acres conveyed to Cooke as aforesaid.        GEO. E. COOKE,
                                        "FLOYD PARKS."

On the 18th day of March, 1862, the principal and part of the interest of the note for two thousand two hundred dollars and fifty-four cents remaining unpaid, and Trimble having become a non-resident of the State, Parks brought a suit in equity in the Louisville chancery court to enforce the lien on the land conveyed to Trimble, which resulted in a judgment *in rem,* directing a sale of the land, or so much thereof as necessary to pay the debt; and the land was accordingly sold on the 29th day of September, 1862, and bought by Parks for one thousand dollars, leaving a balance of his claim unsatisfied of over one thousand two hundred dollars.

Cooke, in the meantime, having left the State, and gone within the military lines of the Confederate States, then at war with the United States, Parks brought a suit

in equity against him, alleging that he was liable to him as assignor for the unpaid balance of the note of two thousand two hundred dollars and fifty-four cents, and seeking to attach and subject to his claim a slave of Cooke, named Jim, then in the possession of W. W. Fry, and also an alleged debt from Fry to Cooke of one hundred and fifty dollars for the hire of the slave. Cooke was only constructively before the court in this action, in which, on the 26th of June, 1863, a judgment was rendered sustaining the claim and directing a sale of the slave, and also the payment of the one hundred and fifty dollars by Fry to Parks; and under that judgment the slave was sold and bought by Parks for five hundred dollars; and he also collected the one hundred and fifty dollars of Fry.

An appeal from the judgment *in rem* appears to have been taken in the name of Cooke, which was dismissed in this court for want of a bond for costs; but it seems, by an agreement of counsel in the record, that the appeal was not taken or prosecuted with the knowledge or consent of Cooke, and should not, therefore, be regarded as an appearance by him, or as operating to affect his right to proceed in the court below to vacate the judgment.

Within five years after the date of the judgment, Cooke appeared and moved to have the action retried, as allowed by the 445th section of the Civil Code; and Floyd Parks having died, the case was revived in the name of the appellant, as his executor; and Cooke put in his defense, averring, in substance, that Trimble had permitted several installments of the interest on the note of two thousand two hundred dollars and fifty-four cents to remain due and unpaid for over thirty days, thereby rendering himself liable to an action for the principal, as well as the interest of the debt, according to said stipu-

lation in the deed; and that Parks, by his laches in fail-
ing to avail himself of the right to sue thus given him,
had released the defendant from his responsibility as the
assignor of the note; and said Parks having, by the sale
of the slave, and the collection of the debt of Fry, real-
ized said sums of five hundred dollars and one hundred
and fifty dollars, to which he was not entitled, as alleged
in the answer, it is made a cross-petition for the pur-
pose of recovering of Parks' executor the amount so
received.

By the judgment of the court, the defense was sustain-
ed, and the former judgment was set aside and the peti-
tion dismissed; and the appellant was ordered to pay
over the amount received by his testator under the former
judgment, and from that decision of the court this appeal
is prosecuted.

As it appears that Trimble removed from this State
before the principal of the debt became due, according
to the terms of the contract, as expressed on the face of
the note, it may be assumed that the failure of Parks to
obtain a personal judgment against Trimble did not re-
lease the assignor, unless Parks could have maintained
an action on the note before its maturity, according to
its terms, by the failure of Trimble to pay the interest
annually within thirty days after it became due.

But as it sufficiently appears that Trimble did fail to
comply with that part of the contract which required the
annual payment of interest, for more than thirty days
after it was due, at several times, the main question to
be determined is, whether said stipulation, in the deed
from Cooke to Trimble, was obligatory on the latter as
qualifying the terms of the note, so as to entitle the
holder to recover the debt upon the mere failure of
Trimble for thirty days at any one time to comply with
his agreement to pay the interest; and this involves the

inquiry whether the undertaking of Trimble must be determined by the note alone, or by the note and deed. considered together as parts of the same contract.

In *Parsons on Contracts, volume* 2, *page* 14, it is said : "The contract may be contained in several instruments, which, if made at the same time, between the same parties, and in relation to the same subject, will be held to constitute but one contract." And this principle is fully recognized in *Knott's adm'r vs. Hogan* (4 *Metcalfe,* 100), and other cases decided by this court; and although Trimble only signed the note, it seems to us, as he accepted the deed executed simultaneously with it, and concerning the same subject-matter, the note and deed should be construed together as if they were only parts of the same instrument; and that the stipulation in the deed, therefore, as to the consequence of a failure of Trimble to pay the interest, was as binding on him as if it had been incorporated in the face of the note.

We are also of the opinion, that whether an ordinary assignee of the note, without notice of said stipulation in the deed, would or not have lost his recourse by failing to sue on the note within a reasonable time after the right to do so had accrued, according to the contract, the immediate connection of Parks with the transaction, and his participation in it, sufficiently import a knowledge on his part of all its terms; and as he might, therefore, by the exercise of reasonable diligence, have enforced his lien as well as recovered a personal judgment against Trimble long before he sued Trimble at all, Cooke was, by the failure of Parks to use proper diligence, exonerated from responsibility as the assignor of the note; and the chancellor rightly so adjudged, and properly ordered the price of the slave and the money collected of Fry to be paid to the appellee.

Wherefore, the judgment is affirmed.