## HOEHLER et al. v. SHORT.

No. 4025. Opinion Filed March 10, 1914.

Rehearing Denied April 24, 1914.

(140 Pac. 146.)

1. **APPEAL AND ERROR** — Presentation of Error — Affirmance. Error is never presumed by this court. It must always be affirmatively shown by the record, and, where this is not done, the judgment must be affirmed.

2. **PLEADING—Sufficiency—Appeal.** A petition unchallenged by demurrer or motion, and against which no objection is raised by objecting to the testimony, will, when its sufficiency is questioned for the first time in this court on appeal, be held good if, by a liberal construction, it states, even though defectively, a cause of action in favor of the plaintiff and against the defendant.

3. **SAME—Objection.** Where there has been no appearance in the court below on the part of any of the defendants until after judgment has been rendered against them, objections to the sufficiency of the petition upon the ground that the same does not state facts sufficient to support the judgment rendered should not be sustained, unless there is a total failure to allege some matter essential to the relief sought, nor where the allegations are simply incomplete, indefinite, or conclusions of law.

4. **MUNICIPAL CORPORATIONS** — Assessment — Injunction—Petition—Sufficiency. Petition examined, and held sufficient to support the judgment rendered by the trial court.

(Syllabus by the Court.)

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Action by Nellie Short against F. C. Hoehler and another, doing business as Hoehler & Cummings. Judgment for plaintiff, and defendants bring error. Affirmed.

*Warren K. Snyder, Harry White,* and *G. A. Paul,* for plaintiffs in error.

*Walter E. Latimer,* for defendant in error.

KANE, J. This proceeding was instituted by the defendant in error, Nellie Short, for the purpose of enjoining a pretended special assessment wrongfully levied, as she alleges, against her property. After the original petition had been filed, plaintiff filed an amended petition wherein she joined Hoehler & Cummings as parties defendant, alleging that they were the owners and holders of the bonds issued in pursuance of said pretended special assessment. There was no appearance on the part of any of the defendants, and, when the cause was reached for trial, the court below, upon the showing made by the plaintiff, granted her the relief prayed for; whereupon the plaintiffs in error herein filed their petition in error in this court, to which they attached a transcript of the record for the purpose of having reviewed, as far as possible, the action of the trial court. It is apparent from this brief statement of the proceedings that the only errors of which the plaintiffs in error can avail themselves are such as appear upon the face of the record, which in this case consists of the petition filed by the plaintiff in the court below.

The rule is that a petition unchallenged by demurrer or motion, and against which no objection is raised by objecting to the introduction of testimony, will, when its sufficiency is questioned for the first time in a motion for a new trial, or in this court on appeal, be held good if, by a liberal construction, it states, even though defectively, a cause of action in favor of the plaintiff and against the defendant; and such objection should not be sustained, unless there is a total failure to allege some matter essential to the relief sought, nor when the allegations are simply incomplete, indefinite, or conclusions of law.

Error is never presumed by this court. It must always be affirmatively shown by the record, and, where this is not done, the judgment must be affirmed. *Hall v. Bruner,* 36 Okla. 474, 127 Pac. 255. In another case, *Wass v. Tennent-Stribling Shoe Co.,* 3 Okla. 152, 41 Pac. 339, it was held that "a petition attacked

for the first time in the Supreme Court for the reason that it does not state facts sufficient to constitute a cause of action will be liberally construed, in order to uphold the judgment rendered in the trial court."

By applying the foregoing rule, we think the petition is sufficient to support the judgment rendered. Counsel for plaintiff in error refer to the street improvement laws of the state and several authorities construing the same, and quote from one of them as follows:

"When a majority of the property owners on any street or part of a street of not less than 2,000 feet in length have duly petitioned the city council of a city of the first class to pave such street, or part thereof, with material used for standard paving, designating the same, and said council having proceeded to pave such street in accordance with the prayer of such petition, no resolution or notice of intention to pave, or publication thereof, being required, such improvement will not be restrained, or the power of equity permitted to be invoked, to stop such improvement, on account of irregularities in the procedure subsequent to the presentation of the petition as provided by law, when there is neither any allegation nor proof as to fraud, or that the party complaining sustained any specific injury on account thereof, or that there was reason to believe that there would have been a less bid for such paving, especially when the complainant never protested against said contract or sought to have such irregularities or defects remedied, corrected or amended before said council, and afterwards stood by and permitted the contractor, without warning or protest, to proceed under said contract or undertaking, prejudicing himself by an outlay, and partially completing same by making a part of such improvement." (*Paulsen v. City of El Reno et al.*, 22 Okla. 734, 98 Pac. 958.)

Such undoubtedly is the rule in street improvement cases. But in the instant case there is nothing in the petition, construing it liberally in order to support the judgment rendered below, that would warrant the court in inferring that the city authorities, in doing the acts of which the plaintiff complains, were pretending to act by virtue of the street improvement laws, or attempting to proceed in accordance with their provisions. On the contrary, the petition alleges that what the city authorities did in the premises was contrary to law, and constituted wrongs

and torts against the plaintiff and her property, that their acts greatly depreciated the value thereof, and that, by reason of said wrongs and torts on the part of said city authorities, there is an attempted assessment charged up against plaintiff and the said two lots, amounting to the sum of $584.10 on one, and $257.70 on the other lot. It was further alleged that, by reason of said wrongs and torts, she cannot get into her property with a wagon or vehicle, as formerly, and that said alleged assessment is not a legal charge against her said property, as the same has not been benefited, and, if allowed to stand, will confiscate said property. The petition further alleges that:

"Said assessments are not just or legal, and the same are a cloud on the title of plaintiff's two said lots and void, and, if said defendants are not enjoined, they will sell plaintiff's said lots and put her and her children out of their home, and that said defendants are threatening to sell said lots and plaintiff's said home and put her and her children out of their home, and will do so if they are not enjoined by this court. That said alleged grading assessments and charges and lien against plaintiff's said lots are in violation of the United States and state Constitutions and laws of this state."

It is true that a great many of the foregoing allegations, and many more to the same effect not herein noticed, are merely conclusions of law; but, as hereinbefore pointed out, objections to the petition in the circumstances of this case "should not be sustained, unless there is a total failure to allege some matter essential to the relief sought, or when the allegations are simply incomplete, indefinite, or conclusions of law." Assuming, as we must, that the allegations of the petition are true, it would be difficult to conceive a more wanton and flagrant disregard of the rights of the plaintiff than it discloses.

We think the judgment of the court below ought to be affirmed. It is so ordered.

All the Justices concur.