## SIDDELL v. McMILLAN, District Judge.

No. 6875. Opinion Filed January 9, 1915.

Rehearing denied March 9, 1916.

(146 Pac. 911.)

JUDGMENT—Proceedings to Open—Waiver—Commencement of Proceedings in Error. Where a judgment of the district court enjoins a sale of plaintiff's property to pay a pretended special assessment, wrongfully levied against it, and where certain holders of bonds, issued pursuant to said assessment, were made parties defendant without other service than by publication in a newspaper, and who, to reverse said judgment, by petition in error and transcript of the record, commenced proceedings in error in this court, where said judgment was affirmed, and where defendants thereafter invoked the jurisdiction of the district court to open said judgment and let them in to defend, pursuant to Rev. Laws Okla 1910, sec. 4728, and where, after plaintiff's mo-

tion to strike defendant's motion and answer from the files was overruled, plaintiff applied here for a writ to prohibit the judge of the trial court from further proceeding in said cause, held, that, for the reason defendants' remedy to reverse said judgment by proceedings in error and their remedy to proceed to open said judgment under said section of the statute was cumulative, the writ will not run.

(Syllabus by the Court.)

Original action for writ of prohibition by Nellie Siddell against R. McMillan, Judge of the District Court in and for Murray County. Writ denied.

*Walter E. Latimer*, for relator.

*Warren K. Snyder*, for respondent.

TURNER, J.   On December 12, 1911, the relator, Nellie Short, in the district court of Murray county, sued to enjoin a sale of her property to pay a pretended special assessment which, she said, was wrongfully levied against it; the same beings lots 2 and 3 of block 198 in the city of Sulphur.  By amended petition she made Hoehler & Cummings parties defendant, who were brought in without other service than by publication in a newspaper, alleging them to be the holders of the bonds issued pursuant to said pretended assessment.  When the cause came on for trial, as none of the defendants appeared, the district court, upon her *ex parte* showing, granted the relief prayed, whereupon defendants filed their petition in error and transcript of the record in this court and had reviewed the sole question of whether the petition stated facts sufficient to constitute a cause of action.   The lower court held that it did, and in this court the judgment was affirmed.  *Hoehler et al. v. Short,* 40 Okla. 681, 140 Pac. 146.   Thereafter on May 5, 1914, came Hoehler & Cummings and, pursuant to Rev. Laws 1910, sec. 4728, which reads, "A party against whom a judgment or order has been rendered without other service than by publication in a newspaper, may, at any time within three years after the date of the

Form 25

judgment or order, have the same opened, and be let in to defend, * * *" by motion invoked the jurisdiction of the court to that end. And when the court overruled the motion of Nellie Short to strike their motion together with answer of defendants from the files and opened the judgment and let them in to defend at a subsequent term of the court, she commenced these original proceedings to prohibit the judge of said court from taking further jurisdiction of the cause. She contends that when Hoehler & Cummings commenced their said proceeding in error here they waived their right to proceed in the trial court within three years to open and defend against the suit pursuant to section 4728, *supra*. We can see no waiver in this. The judgment of the district court restraining them as prayed was a final judgment to reverse which they had a statutory right of appeal, which they pursued as stated. This was done for the purpose of determining whether the petition stated a cause of action against them. If it did not, that judgment was void. If void, and so held to be by the court in that proceeding, Hoehler & Cummings would be relieved of the necessity of proceeding to open the judgment in the manner provided for in section 4728, *supra*. Failing, as they did here, to have the judgment declared void, we see no reason why they could not go into the court below and move to be let in to defend, and, if let in, to tender their answer. In other words, cannot see why both remedies should not be open to them as cumulative.

Code of Practice of Kentucky 1859, sec. 445, provides:

"Where a judgment has been rendered against a defendant or defendants constructively summoned, and who did not appear, such defendants, * * * may, at any time, within five years after the rendition of the judgment, appear in court, and move to have the action retried; * * * and, thereupon, the action shall be retried as to such defendants, as if there had been no judgment. * * *"

In *Payne v. Witherspoon*, 58 Ky. (14 B. Mon.) 270, Payne

was sued and his property attached to satisfy a debt.  A warning order issued and was published pursuant to law; but he did not appear in the action, nor was he served with summons.   Judgment went against him, and the sheriff was directed to sell the land attached, or so much thereof as was necessary to satisfy the judgment.   He prosecuted a writ of error, and the court reversed the judgment on the ground that it was illegal.   As to the right to prosecute the action for errors apparent on the face of the record, the court said:

"It is also contended that, in as much as defendant could, under the provisions of the 446th (445th) section of the Code, have appeared in the court below at any time within five years after the rendition of the judgment, and moved a retrial of the action, that thereafter he cannot bring the cause to this court to reverse the judgment, but must avail himself of the privilege, thus allowed him, to correct any errors that may exist in the proceedings to his prejudice.  The right conferred upon a defendant, who has been only constructively summoned, and who did not appear, to make his appearance, after a judgment has been rendered against him, within the time specified and have a retrial of the action, does not divest him of his right to reverse the judgment in this court, for errors apparent on the record. If the plaintiff in the court below has not proceeded according to law, and has improperly recovered a judgment against the defendant, the latter can reverse it in this court.  If, however, the judgment is apparently regular and proper, but unjustly obtained, then the defendant's appropriate remedy is by moving for a retrial in the circuit court.  He can avail himself of either of these remedies that the circumstances in the case may indicate as the proper one."

Later the court, in *Beazley v. Maret*, 64 Ky. (1 Bush) 466, in effect held that he might prosecute both remedies.   In that case suit was brought against an absent defendant, and his real and personal property attached on the alleged ground that he concealed himself and was voluntarily in the lines of the Southern Confederacy.  The petition was improperly taken as confessed and

the property sold to satisfy the judgment. His wife hired an attorney and prosecuted an appeal, and the judgment ordering the sale was reversed. At the March term, 1865, the mandate of the Court of Appeals was entered in the trial court, but the sale was nevertheless confirmed, and a second appeal was prosecuted by the wife in her husband's name; he being still absent. In the Court of Appeals the order confirming the sale was affirmed, but within a few days prior thereto defendant appeared in the trial court, and, presumably pursuant to the statute, *supra,* asked and obtained leave to file his answer. This he offered to do at the next term of court, but, although it presented a valid defense, leave was refused. On appeal the Court of Appeals held the refusal error and reversed the cause, with directions that the same be filed and the cause to proceed in conformity to the opinion. Throughout the opinion the wife's appeal in the husband's name was treated as the appeal of the husband. To the effect that the remedies were cumulative, the court said:

"A case more extraordinary has rarely, if ever, occurred in the history of Kentucky jurisprudence; 'and the appellees now insist that the anomalous judgment of March, 1865, concluded all the appellant's rights, and that, consequently, the circuit court had no right to admit the answer, the rejection of which is sought to be reversed by this appeal. If this be so, then the appellant's right to open the decree by personal appearance and answer, within five years, having been abandoned by his constructive appearance and election to proceed by the alternative remedy by appeal, the benefit of reversal is also lost by hypertechnicality and perversion whereby he had been, without his own fault, prevented from making the defense to which the reversal entitled him, and to make which was the only object of the appeal. If the law regulating proceedings against absent defendants authorized such an absurdity, justice to all parties, which was its aim, would, in this case, be unreasonably frustrated and the appellant mocked and victimized."

See, also, *Parks Ex'r v. Cooke,* 66 Ky. (3 Bush) 168; *Fowler v. Fowler,* 15 Okla. 529, 82 Pac. 923.

We are therefore of opinion that the trial court had juris-diction to proceed as invoked by defendants and for that reason the writ prayed for will not run.

All the Justices concur.