### SHORT v. CHANEY et al.

No. 7695—Opinion Filed Oct. 2, 1917.

Rehearing Denied Nov. 13, 1917.

(168 Pac. 425.)

1. **Appeal and Error — Mandate—Jurisdiction of Trial Court.**

While a cause is pending in the Supreme Court upon appeal, the jurisdiction of the trial court is suspended and jurisdiction is not restored to the trial court until the mandate of the Supreme Court is returned to the trial court and spread upon its records.

2. **Appeal and Error—Jurisdiction of Trial Court—Orders.**

While the jurisdiction of the trial court is thus suspended, it is without authority to make any order materially affecting the rights of the parties and any order so made is null and void.

(Syllabus by Rummons, C.)

Error from District Court, Murray County; F. B. Swank, Judge.

Action by Nellie Short against R. W. Chaney and others. Judgment for defendants, and plaintiff brings error. Reversed.

[This case has been overruled by Cusher v. Ricketts et al., 72 Okla. —, 179 Pac. 593.]

Walter E. Latimer, for plaintiff in error.

Warren K. Snyder for defendants in error Hoehler & Cummings.

Opinion by RUMMONS, C. This is the third time this interesting case has been

before this court in one form or another. The plaintiff in error, plaintiff below, commenced this action in the district court of Murray county against the defendants in error R. W. Chaney, city clerk of the city of Sulphur, and J. C. Lindsey, county treasurer of Murray county, to enjoin the collection of certain street improvement certificates levied against the real estate of plaintiff in the city of Sulphur. Thereafter plaintiff filed her amended petition against the above-named defendants and against the defendants Hoehler & Cummings to enjoin the collection of said certificates, alleging that said Hoehler & Cummings were the owners and holders of such certificates. Service by publication was had upon Hoehler Cummings. All the defendants made default, and on December 5, 1911, the district court of Murray county rendered judgment against all of the defendants, granting the injunction prayed for by plaintiff. Hoehler & Cummings appealed from this judgment to this court, and the judgment of the district court of Murray county was by this court affirmed on March 10, 1914. Hoehler v. Short, 40 Okla. 681, 140 Pac. 146. On May 5, 1914, Hoehler & Cummings proceeded under section 4728, Rev. Laws 1910, to move to open the judgment theretofore rendered by the district court and to be let in to defend the same and filed therewith their answer to the amended petition of the plaintiff. Plaintiff moved to strike the application and answer of the defendants Hoehler & Cummings from the files for the reason that they were estopped by reason of their appeal to this court from proceeding under the provisions of section 4728, supra. On August 21, 1914, the court overruled the motion to strike, granted the application of Hoehler & Cummings and vacated the judgment theretofore rendered. Plaintiff then sought a writ of prohibition against the district judge, prohibiting him from proceeding further with the case on the ground above stated, that by reason of the appeal taken by Hoehler & Cummings they had waived their right to have the default judgment against them vacated. This writ was by the court denied. Siddell v. McMillan, District Judge, 45 Okla. 800, 146 Pac. 911. The court there held that the remedies of the defendants by appeal from the default judgment and by proceeding under the statutes to be let in to defend were cumulative, and that a defendant summoned by publication against whom judgment was rendered might appeal from said judgment and, if unsuccessful in such appeal, might then make application under the provisions of the statutes. On May 27,

1915, the plaintiff filed her motion to strike the answer of the defendants Hoehler & Cummings from the files, and moved to dismiss the application of defendants for retrial for the reason that the district court had no jurisdiction of the cause because the mandate from the Supreme Court in the case of Hoehler v. Short, supra, had never been issued, filed, and entered of record in the district court, and because more than three years had elapsed since the date of the rendition of the default judgment. On June 26, 1915, the mandate of the Supreme Court in the case of Hoehler v. Short, supra, was filed in the district court of Murray county. On August 18, 1915, the cause came on for trial, counsel for defendants objected to the filing of the motion to strike the answer of defendants and to dismiss their application for a retrial of the cause filed on May 27, 1915, and the court denied the plaintiff the right to file said motion, to which the plaintiff excepted. The plaintiff then tendered the court her demurrer to the answer of the defendants, which application to demur was by the court overruled, plaintiff excepting. Plaintiff then asked and was granted leave to reply to the answer of the defendants. The cause then proceeded to trial, resulting in a judgment for defendants. Plaintiff filed her motion for a new trial, which was duly overruled and exceptions allowed, and brings this proceeding in error to reverse the judgment of the trial court.

The record shows the following:

"Mr. Snyder: We would like for the record to show that at this time we object to the filing of the motion to strike for the reason that there was filed on June 22, 1914, a motion to strike, and that on the 25th day of last August there was an order made and entered by your honor's predecessor, Judge McMillan, overruling the motion to strike, and he now adds one or two more supposed grounds to the motion.

"The Court: I don't believe that that ought to be filed, Mr. Latimer.

"The Court: I don't think that I could entertain that motion at this time, Mr. Latimer.

"Mr. Latimer: Comes now the plaintiff, Nellie Siddell and tenders to the court her motion to strike, marked for identification her 'Exhibit A,' and states to the court as alleged in said motion that this court is without jurisdiction to try the matter involved in that the mandate in the original appeal of Hoehler & Cummings against Nellie Short et al. was issued by the Supreme Court on the 25th day of June, 1915, and was filed in the office of the clerk of this court on the 26th day of June, 1915, and

has not to this time been spread of record in this court.

"The Court: The application is overruled.

"Mr. Latimer: We except."

The only question we think necessary to consider in the determination of this cause is whether or not the district court had jurisdiction to make the order of August 21, 1914, overruling the plaintiff's motion to strike the answer and application of the defendants to open the judgment and vacating said judgment and letting the defendants in to defend the cause. Section 4718, Rev. Laws 1910, provides:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend."

In this case the defendants appealed from the default judgment rendered against them, which appeal resulted adversely to them. For some reason, not apparent from the record, although the default judgment was affirmed on March 10, 1914, within three years from the rendition of said judgment, the mandate of this court, affirming the judgment, was not issued until June 25, 1915, and not filed in the district court until June 26, 1915, more than three years after the rendition of said judgment. While the said cause was pending in this court upon appeal the jurisdiction was not restored to the district court until the mandate of this court, affirming the judgment, was spread upon the records of the district court. While the jurisdiction of the court was thus suspended and it was without authority to make any orders materially affecting the rights of the parties, all orders so made were null and void. Egbert v. St. L. & S. F. R. Co., 50 Okla. 623, 151 Pac. 228.

Therefore the order made by the district court August 21, 1914, vacating the default judgment and permitting defendants to answer. made nearly a year before this court had lost jurisdiction of said cause, was a nullity, and plaintiff's objection to the jurisdiction of the court because the mandate from this court had not been spread upon the records was well taken, and should have been sustained.

Counsel for defendants, in answer to the contention of plaintiff that the court was without jurisdiction to vacate the judgment and permit the defendants to defend, relies upon the case of Siddell v. McMillan, supra. The question of the jurisdiction of the court to make the order opening the judgment and letting the defendants in to defend was not before said court in that cause; the only question presented by the applicant for the writ of prohibition in that cause and the only question considered by this court was whether or not the defendants had waived their right to proceed, under the provisions of the statutes, to open the judgment by reason of their having taken an appeal from said judgment, and it was there determined that defendants were entitled to both remedies, and that by availing themselves of their right to appeal they had not lost their right to proceed under the statutes. The jurisdiction of the court was attacked for the first time by the motion of plaintiff filed May 27, 1915.

We are of the opinion that the order vacating the plaintiff's judgment was null and void, and that therefore the trial, which resulted adversely to plaintiff, was coram non judice.

The judgment should be reversed.

By the Court: It is so ordered.