## BUNKER v. HARDING et al.

No. 8967—Opinion Filed July 23, 1918.

(174 Pac. 749.)

**1. Estoppel—Pleading—Necessity — Pleading and Evidence.**

An estoppel must be pleaded in order to enable a party to avail himself of it on the trial, and must be pleaded with particularity in order to constitute either a cause of action or a defense. All acts, representations, and conduct relied on as an estoppel should be specially pleaded, before evidence to establish the same can be received.

**2. Appeal and Error—Burden of Showing Error.**

Error is never presumed by this court. It must always be affirmatively shown by the record, and, where this is not done, the judgment must be affirmed.

**3. Appeal and Error—Review — Questions of Fact.**

In a law action, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions presented during the trial, the verdict and finding of the jury are conclusive upon appeal.

(Syllabus by Galbraith, C.)

Error from District Court, Harper County; W. C. Crow, Judge.

Action by J. S. Harding against I. N. Waggoner wherein Lyman L. Bunker intervened. Judgment for Harding against defendant and the intervener, and the latter brings error. Affirmed.

C. W. Herod and D. P. Parker, for plaintiff in error.

E. J. Dick and Chas. Swindall, for the defendant in error Harding.

Opinion by GALBRAITH. C. J. S. Harding, as plaintiff in the trial court, commenced this action of replevin against the defendant in error Waggoner, who was sheriff of Harper county, to recover the pos-session of a stock of merchandise, of the alleged value of $2,000, located in a building in the town of Laverne, Harper county, Okla., and for damages in the sum of $500 for the wrongful taking of the property. Waggoner seized the property under a writ of execution issued on a judgment of the district court of Harper county, rendered in favor of Lyman L. Bunker and against Mrs. C. J. Harding, wife of J. S. Harding; the goods having been seized as the goods of Mrs. C. J. Harding. Lyman L. Bunker applied for leave to intervene, and by order of the court was allowed to file his petition of intervention therein. The ownership of the property and the right of possession asserted by J. S. Harding was denied by Bunker in his petition of intervention, and it was alleged that the goods were the property of Mrs. C. J. Harding. The prayer was that the court so find, and deny the right and claim of J. S. Harding to the ownership and the possession of the goods. A trial was had to the court, and a jury and a verdict returned in favor of J. S. Harding, and against I. N. Waggoner and Lyman L. Bunker, for possession of goods and for $150 damages for their wrongful taking and detention. Judgment was entered upon this verdict, after the denial of a motion for a new trial, and an appeal duly perfected by the intervener.

Exceptions were saved to two of the instructions of the court to the jury, and these are assigned as error, as well as the further assignment that the judgment appealed from is contrary to law and is against the weight of the evidence. The defendant in error Harding presents a motion to dismiss the appeal on the ground that the judgment entered in the trial court was a joint judgment rendered against Bunker and Waggoner, and that Waggoner did not appeal from the judgment, and that he is a necessary party to the appeal, and that the case-made was not served upon him, nor was he served with summons in error, nor did he waive the issuance and service of summons. This motion is well taken, provided the record sustains the facts set out therein. An examination of the record shows, on page 370 thereof, a stipulation signed by the counsel for all parties wherein the issuance and service of summons in error is waived on behalf of the defendant Waggoner, as defendant in error. The summons in error having been waived, the motion to dismiss must be denied.

It appears from the evidence that the

Hardings moved to Western Oklahoma about the year 1900; that Harding homesteaded 160 acres of land; that in 1902 Harding became blind; that in 1906 he sold his homestead, together with his personal property, and after paying his debts had a capital of $2,687.85; that he invested this money in a merchandise stock, and opened a retail store in Carrol in March, 1906; that the store was moved to Dunlop, in Harper county, in October, 1907, and later removed to Laverne; that by reason of his blindness, and on the advice of his banker the business was placed in the name of his wife, C. J. Harding, and the bank account was kept in her name, she drawing the checks, ordering goods, and paying for them, and reports to mercantile agencies were made as "C. J. Harding, doing business for J. S. Harding"; that wholesale houses and others doing business with the Hardings understood that the capital for the business was furnished by J. S. Harding, and that the property belonged to him, and that it was conducted in the name of the wife as a matter of convenience, owing to the affliction of the husband; that while the business was being thus conducted a number of tracts of land were traded for and the title taken in the name of the wife; that growing out of one of the land transactions Bunker recovered a judgment against Mrs. C. J. Harding on June 25, 1914; that while the action was pending, and a few months prior to the rendition of this judgment, Mrs. Harding conveyed the land, the title to which was taken in her name, to her husband, and transferred the stock of merchandise to him, and had the bank account changed from her name to his, and that this was the situation of the property and the business at the time the stock of merchandise was seized by the sheriff under the writ of execution.

It is contended on behalf of Bunker that this transfer of the title of the land and the stock of merchandise was without consideration, and its object was to defeat the collection of his judgment, and it was therefore a fraud against him as a creditor of Mrs. C. J. Harding, and for that reason it was not effective. One of the instructions excepted to by the plaintiff in error, and urged as error here, was the instruction in which the court stated the law applicable to the fraudulent conveyance of personal property as affecting the right of creditors as applied to the evidence in the instant case, and proceeds as follows:

"If you find from the evidence of this case that the property replevined in this action was formerly held by and in the name of the wife of J. S. Harding and was so held at the time of the making of the contract upon which the claim of Lyman L. Bunker is based, and such property was thereafter after June 25, 1914, transferred by her to Jared S. Harding, and that she was by such transfer rendered insolvent, the husband, Jared S. Harding, cannot now be permitted to claim the property when he remained silent and did not make claim to said property before said credit was extended to his wife."

It is argued against this instruction that it proceeds upon the theory that Bunker was not a creditor of Mrs. C. J. Harding until after his claim was reduced to judgment, June 25, 1914, while under the law he was a creditor from the time of the execution of the contract upon which that judgment was based, to wit, in October, 1912. Whether or not this position is correct cannot be determined upon this record, inasmuch as it does not appear from the brief what the character of the contract was between Mrs. Harding and Bunker upon which the judgment was based, other than that it in some way grew out of a land trade in which Bunker sold mortgaged lands to Mrs. Harding and she had agreed in some way to assume the mortgaged debt, just how it does not appear.

There is, however, a vice in the instruction that the plaintiff in error cannot complain of, inasmuch as it was prejudicial to the defendant in error, in this: That it submits the issue of estoppel, while the pleadings did not make this an issue. The issue of estoppel was not available to the intervener, for the reason that he had not pleaded it. Under the pleadings, no evidence of estoppel was competent, for the same reason. It was therefore error for the court to instruct on an issue that was not raised by the pleadings or the evidence. Tonkawa Milling Co. v. Tonkawa. 15 Okla. 672, 83 Pac. 915; Deming Investment Co. v. Shawnee Fire Insurance Co. 16 Okla. 1, 83 Pac. 918, 4 L. R. A. (N. S.) 607; American Jobbing Co. v. James, 24 Okla. 460, 103 Pac. 670; Nance v. Oklahoma Fire Insurance Co., 31 Okla. 208, 120 Pac. 948, 38 L. R. A. (N. S.) 426.

In the other instruction, to wit, 5A, the court advises that:

"Bunker did not become a creditor of Mrs. C. J. Harding, as contemplated by these instructions, until his claim for unliquidated damages was reduced to judgment, June 25, 1914."

It is not made to appear that this instruction was erroneous, for the reason that the

specific character of the contract or writing between Bunker and Mrs. Harding, which resulted in the judgment of June 25, 1914, does not appear. It was assumed by the court in this instruction that the obligation incurred by Mrs. Harding by reason of this contract was an unliquidated demand, and that before Bunker attained the status of a creditor of Mrs. Harding. so as to be able to question her right to transfer property, his unliquidated demand must have been reduced to judgment. As a question of law the court may have been right. If the court was right in this assumption, then Bunker has no standing in the case. The transfer of the property was made prior to the entry of his judgment. and, if he was not a creditor until the entry of his judgment, then he had no right to question the transfer of the property. In the absence of the contract between Bunker and Mrs. Harding. it is impossible to determine whether the court's view, as set out in the instructions under consideration, was the right one or not. Error is not presumed. It is the duty of the plaintiff in error to establish prejudicial error. In the absence of the contract, or a showing of the exact character of the obligation, incurred by Mrs. Harding, we indulge the presumption that the trial court was right. Hoehler v. Short, 40 Okla. 681, 140 Pac. 146; Washington County Abstract Co. v. Harris, 48 Okla. 577, 149 Pac. 1075.

It appears from the foregoing that no prejudicial errors of law. at least, for which the plaintiff in error can complain, were committed by the trial court. The principal issues in the case were issues of fact: (1) As to the ownership of this stock of goods; and (2) as to whether or not the transfer was made at the time it was made with the purpose and intent to defraud Bunker, assuming that he had the right to complain of the same. These were questions of fact for the jury. The jury by its verdict found that J. S. Harding owned the stock of goods and that he was entitled to the possession of it. There is abundant evidence in the record to support this verdict and finding and therefore, under the established rule in this jurisdiction, they will not be disturbed on appeal. McConnell v. Watkins, 42 Okla. 214, 140 Pac. 1167.

The judgment appealed from is therefore affirmed.

By the Court: It is so ordered.