## CUSHER v. RICKETTS et al.

No. 9019—Opinion Filed March 18, 1919.

(179 Pac. 593.)

(Syllabus.)

**Appeal and Error—Supersedeas Bond—Continuance in Court Below.**

The institution of a proceeding in error in the Supreme Court to reverse an order granting a new trial does not of itself, without a supersedeas bond, or without an order of the trial court or the Supreme Court staying proceedings, operate to suspend further proceedings in the case in the court below; nor does it entitle the plaintiff in error, as a matter of right, to continuance in the court below, until said proceeding in error is disposed of.

Appeal from District Court, Carter County; W. F. Freeman, Judge.

Action by Martha Cusher against B. C. Ricketts and the First National Bank of Ardmore, Okla. Verdict for plaintiff, motion for new trial sustained, and case dismissed, and appeal to Supreme Court dismissed. From the denial of a motion to set aside the order dismissing the cause, and to reinstate case on the district court docket, she appeals. Affirmed.

Moore & West, for plaintiff in error.

H. A. Ledbetter, for defendants in error.

McNEILL, J. This action was commenced in the district court of Carter County by Martha Cusher, as plaintiff, against B. C. Ricketts and the First National Bank of Ardmore, defendants, to cancel a deed to certain land and to recover possession of same from Ricketts and to cancel a mortgage held by the defendant bank on the said property. On the trial of the cause in the district court the jury returned a verdict for the plaintiff. The trial judge sustained the defendant's motion for a new trial, from which the plaintiff appealed to this court. No supersedeas bond was given, and no order made by the district judge staying

.he proceedings pending the appeal, and no order of the Supreme Court staying proceedings in the case below was obtained. Thereafter said cause was dismissed by the trial court for the reason that an order to deposit additional amount of money for cost in the case had not been complied with. No exceptions were taken to the order dismissing the cause, and the same was not appealed from. Subsequently the appeal to the Supreme Court was dismissed for failure to prosecute, and thereafter the plaintiff filed her motion in the district court of Carter county to set aside and vacate the order dismissing said cause, and to reinstate the case on the district court docket. A demurrer was filed to her motion, and the demurrer sustained, and the motion was dismissed, and from the order dismissing the motion she appeals to this court.

This is a transcript appeal, and the only question presented to this court for determination is whether, under the statute of this state, a proceeding in error from an order granting a new trial without giving a supersedeas bond, or obtaining an order of the trial court staying proceedings, and without obtaining an order of the Supreme Court staying proceedings in the case below, operates to stay all proceedings in the case in the court below, and renders void the action of the trial court in further proceedings.

.Plaintiff in error contends that the appeal having been regularly filed in the Supreme Court, the trial court was without jurisdiction to dismiss the case, or to make any 'order in said case, in the lower court, and that the order dismissing the same was therefore void. The defendant in error in reply contends that no supersedeas bond was given or no order of the district court made staying said proceedings pending the appeal, and no order of the Supreme Court having been made staying the proceedings in said case, pending the appeal, therefore the trial court was not divested of jurisdiction to proceed with the case, and had jurisdiction to dismiss said cause; that the order of dismissal, not having been appealed from, became final, even though it might have been erroneously made.

Section 5257 of the Revised Laws of 1910 provides as follows:

"Execution of the judgment or final order of any judicial tribunal, other than those enumerated in this article, may be stayed on such terms as may be prescribed by. the court or judge thereof, in which the proceeding in error is disposed of."

This court, in the case of State ex rel.

Hogan v. District Court of Thirteenth Judicial District, 25 Okla. 871, 108 Pac. 375, speaking through Justice Hayes, said:

"The institution of a proceeding in error in the Supreme Court to reverse an order granting a new trial does not of itself, without a supersedeas bond or order of the Supreme Court staying proceedings, operate to suspend ·further proceedings in the case in the court below, nor does it entitle the plaintiff in error, as a matter of right, to continue in the court below, until said proceeding in error is disposed of."

Plaintiff in error suggests that this case has been in effect overruled in the case of Egbert v. St. Louis & S. F. Ry. Co., 50 Okla. 623, 151 Pac. 229; but with this we cannot agree. The Egbert Case was a case wherein the St. Louis & San Francisco Railway had appealed from a decision rendered on the merits and the final adjudication of the case. The defendant appealed. The opinion does not disclose whether a supersedeas bond was filed to stay execution, but we might presume that the same was; otherwise, execution would have issued and the judgment have been collected and satisfied. If the bond to stay the execution of the judgment was filed, then the district court could not·· have proceeded further in the case on the question being litigated on the appeal until the mandate from the Supreme Court had been issued and had been spread of record in the district court. This is the holding of the court in the Egbert Case.

Plaintiff in error then cites the case of Short v. Chaney, 66 Okla. 258, 168 Pac. 425. The opinion by Commissioner Rummons in this case is in conflict with the decision rendered in the case of Siddell v. McMillan, District Judge, 45 Okla. 800, 146 Pac. 911, and is also in direct conflict with the case of Philip Carey Co. v. Vickers, 53 Okla. 569, 157 Pac. 299, and the case of State ex rel. Hogan v. District Judge Thirteenth Judicial District, supra. Said opinion does not refer to any of said decisions, but attempts to follow the decision in the case of Egbert v. St. Louis & San Francisco Railway Co., supra. The Egbert Case correctly states tne law, but the facts in the case of Chaney v. Short do not come within those facts. The case of Short v. Chaney is overruled, in so far as the same is in conflict with the case of State ex rel. Hogan v. District Judge Thirteenth Judicial District, and in so far as the same is in conflict with this opinion.

In the case at bar, plaintiff in error appealed from an order overruling the motion for new trial. This right to stay the proceedings is based on section 5257, Revised Laws 1910. The plaintiff in error had a

right to apply for an order from the lower court staying further proceedings in compliance with the terms of the statute, or to present her petition in the Supreme Court asking that said proceedings be stayed. This was not done; no order of any kind was made staying said proceedings, or no supersedeas bond of any kind given. Therefore the further proceedings in the lower court were not stayed pending the appeal. The appeal from the order sustaining the motion for new trial would not stay the proceedings, unless the party had complied with the statute by obtaining some order to the effect that further proceedings be stayed. This was not done. This case is controlled by the case of State ex rel. Hogan v. District Court of Thirteenth District, and if the trial court had a right to proceed to trial, as in the Hogan Case, he likewise had authority to set said case down for trial, and if the plaintiff in error failed to comply with the order of the court to make a deposit for the costs or give a bond for the same, the court had jurisdiction to dismiss the action.

The plaintiff in error further contends that no notice of the order was given to her as required by law, and for that reason the cause should be reversed. The motion contained the further allegation:

"Plaintiff says by reason of the above and foregoing facts, and for the reason that no notice was given her as required by law, and as said cause was pending in the Supreme Court, this court had no jurisdiction to make either of said orders referred to as plaintiff's Exhibits A and B, and that the order made herein on the 10th day of February, 1915, attempting to dismiss this cause with prejudice is wholly null and void. for the reason the court had no jurisdiction to make same. Plaintiff has a just and meritorious cause of action, as shown by her petition filed herein, a copy of which is hereto attached, and made a part hereof, and marked Exhibit C."

Plaintiff argued that the court had no authority to make the order requiring the plaintiff to make an additional deposit for costs, and, if so, the procedure was governed by section 5225 of the Revised Laws of 1910. The statute in force at the time of the trial (section 5222, Revised Laws 1910) provides for the giving of security for costs, and further provides:

"In lieu of bond any party may deposit such sum as the clerk may deem sufficient from time to time, but in no case shall the party be requested to deposit more than $10 at any one time."

The court, in its order of the 30th of January, 1915, states as follows:

"On this 30th day of January, 1915, it is presented to this court, the matter of plaintiff depositing additional costs, and it appearing to the court that the cost deposited heretofore has been exhausted, and that additional costs should be deposited, or a cost bond made in lieu thereof."

Under and by virtue of section 5222, where the plaintiff, in lieu of the cost bond, makes a deposit for costs, and the same is exhausted, the plaintiff is required to make an additional deposit, but at no time to exceed the sum of $10. The court found that the deposit for costs had been exhausted, and made an order requiring the plaintiff to make an additional deposit. The court found that the plaintiff had been notified of said order by registered mail, with a certified copy of said order to the attorney for plaintiff inclosed. The court found that no compliance had been made with the order. These findings are not even disputed in the motion to vacate the judgment. The motion of the plaintiff to vacate said order gives no reason for not complying with said order, but relies solely upon the fact that the court was without jurisdiction to make the same. The motion, in so far as it states "that no notice had been given as required by law," states a mere conclusion, and does not attempt to state any of the facts, or deny that the plaintiff had received a certified copy of the order, nor in any way attempt to justify or excuse themselves for not complying with said order.

The court did not commit error in sustaining the demurrer to said motion. Section 5225, Revised Laws 1910, does not apply, for that section applies only where a bond has been given as security. The motion to vacate the judgment did not state facts sufficient to entitle plaintiff to any relief, but merely relied upon the fact that the court had no jurisdiction to make said order.

The judgment of the trial court is therefore affirmed.

All the Justices concur.