## HARRISON v. WILLIAMS.

No. 10699—Opinion Filed Dec. 12, 1922.

Rehearing Denied Sept. 18, 1923.

(Syllabus.)

**1. Appeal and Error—Garnishment — Necessary Parties — Process — Principal Defendant.**

Under section 4824, Rev. Laws of 1910, the principal defendant in an action is a necessary party to the garnishment proceeding, and in order to vest the court with jurisdiction to render a valid judgment subjecting such defendant's property to the payment of his debt, it is necessary that garnishment summons be served on him in the manner provided by the statute, or that he enter a voluntary appearance. Such defendant is also a necessary party on appeal to this court.

**2. Appeal and Error—Presumptions in Favor of Judgment.**

On appeal to this court the presumptions are in favor of the regularity of the judgment sought to be, reversed, and error must always be affirmatively shown by the record, and in the absence of such showing the judgment will be affirmed.

Error from District Court, Caddo County; Will Linn, Judge.

Action by C. W. Harrison against Danner Brothers; Joe Williams, garnishee. Judgment dismissing garnishment proceeding. Plaintiff appeals. Affirmed.

A. J. Welch, for plaintiff in error.

C. H. Carswell, for defendant in error.

KENNAMER, J. C. W. Harrison, plaintiff in error, prosecutes this appeal to reverse the judgment of the district court of Caddo county, Okla., entered on the 14th day of February, 1919, dismissing the garnishment proceeding instituted against Joe W. Williams, garnishee. The record discloses that C. W. Harrison recovered a judgment April 2, 1917, against N. C. Danner and M. Danner to recover $333.76 and costs upon a promissory note, and that garnishment proceeding was instituted to subject certain alleged property of the defendants, Danner brothers, to the payment of the debt of the plaintiff.

Defendant in error has presented the question of the jurisdiction of the court to hear and determine the issues raised on the affidavit of the plaintiff in garnisment and the answer of the garnishee and exceptions to the answer by the plaintiff, for the reason that no garnishment summons was served on the principal defendants as required by section 48, Rev. Laws of 1910. The statute is as follows:

"Section 4824. Garnishee Summons. Upon the filing of such affidavit a garnishee summons shall be issued by the clerk and served upon the defendant or his attorney of record, and each of the garnishees, in the manner provided for service of summons, and shall be returned with proof of service in five days. The garnishee summons may be served by the sheriff, or any other person not a party to the action, and shall be substantially in the following form:  *  *  *"

In the case of State National Bank v. Lowenstein et al., 52 Okla. 259, 155 Pac. 1127, this court, in construing the statute, supra, said:

"It is plain from the language of the statute that this provision for service of a garnishment summons is mandatory, and without full, compliance therewith the court would have no jurisdiction of the case."

In the case of Powell et al. v. First State Bank of Clinton, 56 Okla. 44, 155 Pac. 500, this court held that the defendant is a necessary party to a garnishment proceeding in the trial court, and also a necessary party on appeal to the Supreme Court.

The record in this case does not show that a garnishment summons was served on the principal defendants. The petition in error filed on appeal in this court does not include the principal defendants as parties to the appeal. In this situation it is clear that the judgment of the trial court dismissing the garnishment preceeding must be affirmed. The trial court was without jurisdiction to enter a valid judgment or to determine any issues raised in the garnishment proceeding.

The presumption is that the judgment entered by the trial court is correct. Error is never presumed by the Supreme Court, but it must always be affirmatively shown by the record, and where this is not done the judgment will be affirmed. Hoehler v. Short, 40 Okla. 681, 140 Pac. 146; Orendorff v. Board of County Commissioners of Grant County, 44 Okla. 271, 144 Pac. 383; Bunker v. Harding, 70 Oklahoma, 174 Pac. 749.

The record in this case fails to disclose that the principal defendants were in any way made parties to the garnishment proceeding in the trial court, and the petition in error discloses that the defendants have not been made parties to this appeal. Counsel for the plaintiff in error contends that inasmuch as the record is silent as to whether garnishment summons was served upon the principal defendants, the presumption is the trial court, being a court of general jurisdiction, had jurisdiction to determine the issues raised between the plaintiff and the garnishee, and cites, in support of this contention, the rule found in 15 C. J. 840, as follows:

"If the court is one of competent general jurisdiction, and the want of jurisdiction is not availed of by plea, and the record is not contradictory thereof, the presumption is that every act is rightly done without its appearing of record, unless the contrary be shown."

We have no fault to find with this general rule, and it appears to be consistent with the rule that a party appealing to this court must always affirmatively establish by the record that there is error in the judgment complained of.

In the case at bar, the record fails to disclose that the principal defendants, necessary parties to the garnishment proceeding, were made parties in the trial court, and not having been made parties to this appeal, it is clear that the judgment of the trial court dismissing the garnishment proceeding should be affirmed. It is so ordered.

HARRISON, C. J., and KANE, JOHNSON, McNEILL, MILLER, NICHOLSON, and COCHRAN, JJ., concur.