## NELSON v. LONGMIRE.

No. 22391.    Sept. 25, 1934.

I. L. Harris, for plaintiff in error.

W. F. Wilson, W. F. Wilson, Jr., and R. E. Owens, for defendant in error.

WELCH, J. This is an appeal from the district court of Oklahoma county. Plaintiff in error, A. R. Nelson, was defendant in the trial court, and defendant in error, W. M. Longmire, was plaintiff below. The parties will be herein referred to as plaintiff and defendant as they appeared in the trial court.

The controversy arose out of an alleged voluntary subscription of the specific sum of $1,333.33, which plaintiff claims was subscribed by the defendant toward the cost of opening a certain street in Oklahoma City, such subscription being one among many others made by property owners anticipating benefit from opening such street.

Plaintiff attached to his petition his exhibit "A" which he alleges to be a copy of the subscription agreement signed by the defendant. The same, omitting the signatures thereon and the amounts opposite the name of each signature, is quoted as follows:

"Whereas, it is to the mutual advantage of all of the undersigned that Walker street be opened and extended from Third street to Grand avenue eighty (80) feet wide and that the same street be increased in width approximately twenty (20) feet from Third street to Fourth street, and

"Whereas, the undersigned abutting and adjacent property owners will be benefited in increased and inhanced values to their property by the opening and widening of said street.

"Now, therefore, we, the undersigned, for and in consideration of the benefits to be derived by the opening and widening of Walker street, as above stated, and in further consideration of the mutual promises of all of the undersigned, agree and promise to pay to W. M. Longmire, collector and treasurer for such funds as may be subscribed, the amount set opposite our names either in cash upon demand of said collector and treasurer or in bankable notes due in six and twelve months from the date of the demand, with interest at 6% for the purpose of paying the full amount of the costs of purchasing the right of way and property necessary for the said opening and widening of said Walker street, less the amount of money to be paid by the city of Oklahoma City, Okla., from special levy and transfer of property, being understood that the present owners of the right of way will sell the same and dedicate their property to the public for perpetual use for street purposes, according to the price and schedule attached, marked exhibit "A", which prices are the exact cost of the property acquired for opening the street, except the properties of the St. Louis-San Francisco Railroad and Cook & McDonald, which were donated.

"It is further understood that should the costs to the abutting and adjacent property owners of the said opening be oversubscribed that W. M. Longmire, the treasurer, shall return said excess to the undersigned in the proportion the amount of the subscription of each of the undersigned bears to the total subscription hereof."

The defendant's answer upon which the cause was tried contains, first, a general denial and further defensive matter as follows:

"Further answering, defendant states that the amount sued upon herein was never agreed to by this defendant; that he signed his name to a certain agreement which was presented to him with the distinct representation and understanding that all the property owners in the vicinity of Walker street, which was to be opened and extended from Third street, south to Grand avenue, were to join in said agreement, and pay their proportionate share and that said proportionate part thereof was to be determined along with others, as to the benefit to be obtained therefrom, and that at no time did he agree to pay a definite sum of $1,333.33, and that he was never afterwards consulted or notified before the said amount was placed opposite his name, and that, as a matter of fact, there were various and divers property owners immediately in the vicinity of said street who did not join in said contract, and who on account of the fact that certain parties who were more vitally interested in the opening of said street than this defendant, were prevented from joining therein, and that the signature of this defendant was obtained upon the representation that parties owning property on Main street, and on other streets, would be assessed their proportionate part thereof, and it was due to this representation that this defendant agreed to join in said enterprise.

"Defendant states that his said property and premises are nearer the intersection of Second and Dewey streets than they are to the intersection of Walker as same has been opened and Second street and that only one lot so owned by this defendant is assessed with any part of the extra paving, and that the opening of said street has not benefited him any sum whatever, or enhanced the value of his property, but that same has enhanced the value of the property along Main street and immediately contiguous to Walker street, and that on account of the fact that he did not specifically agree to pay the sum of $1,333.33, or any other sum, and on account of the fact that the committee in charge did not obtain the signatures and offers to pay, from various and divers other parties affected thereby, that said agreement became of no force and effect, and is null and void, and that the plaintiff is not entitled to recover the said amount sued upon therein, or any other amount."

The cause was tried to a jury, resulting in a verdict and judgment for plaintiff for the full amount for which suit was brought. Defendant on appeal here urges as grounds for reversal of the cause the following proposition only:

"The verdict is contrary to law and is not sustained by sufficient evidence, and the court erred in refusing and ruling out competent and legal evidence on the part of the plaintiff in error."

Upon trial the defendant testified substantially to facts which supported the allegations in his answer. On the contrary, there is competent evidence directly contradictory to the defendant's testimony in this regard. The signature of the defendant appears on a page of the subscription list other than the first page thereof, upon which was typewritten the subscription agreement hereinabove quoted. The page upon which his signature appears contains nothing further than the signature of ten other property owners and the amounts of their individual subscription set opposite each of their names. There appears opposite the defendant's name the sum of $1,-333.33 as the amount of his subscription. The defendant testifies that he signed a subscription having to do with the opening of such street, but that he does not know whether or not the above-quoted subscription agreement was attached thereto at the time of his signature. He states positively that he did not subscribe to the specific amount and did not insert the figures opposite his name, nor authorize it to be done in any manner. The circulator of the petition testifies positively that the typewritten subscription agreement was attached to the subscription list at the time of defendant's signature, and that the defendant himself at the time inserted the figures opposite his name, and that the defendant was thoroughly familiar with the entire matter. From such record it cannot be said that there is no competent evidence supporting the verdict of the jury and judgment of the court, and we find no error in that connection.

During the course of the trial the defendant offered to testify that he was told, and that it was his understanding at the time he signed the agreement, that the proposed street was to be 100 to 125 feet in width. The street, in fact, when opened, was only 80 feet in width, which is in conformity with the written subscription agreement. The court refused the admission of such testimony on the grounds that it had the effect of varying the terms of a written contract by parol evidence, and upon the further ground that it failed to conform to the pleadings. It is true the defendant sought leave of the court at that time to amend his answer to conform to the testimony. which was refused by the court. Such refusal, however, is not assigned as error

here, and is not urged as error in defendant's brief. We are not favored by either of the parties with authorities on the question whether such evidence would be objectionable as tending to vary the terms of a written contract by parol, and we do not express an opinion herein upon that question. We conclude, however, that the evidence was properly excluded upon the ground that it is not in conformity with the pleadings, and that under the instant circumstances the trial court did not abuse its legal discretion in refusing an amendment to defendant's answer. The exhibit attached to plaintiff's petition fully informed defendant of plaintiff's position on the question of the width of the street, and it was defendant's duty to raise such question in his answer if he desired to introduce the evidence which he offered in that regard.

The defendant devotes the major portion of his brief to the point that he in fact subscribed toward the opening of a 100 foot street, and that the street having been opened as an 80 foot street, the same amounted to a failure of consideration. He cites a number of authorities to the effect that the conditions of the subscription must be complied with before recovery can be had thereon. This would seem to be the correct rule, but the cited cases are inapplicable here for the reasons above stated.

Other testimony rejected by the trial court relates only to the question regarding the width of the street, and was properly excluded by the court.

In a law action, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions presented during the trial, the verdict and finding of the jury are conclusive upon appeal. Bunker v. Harding et al., 70 Okla. 263, 174 P. 749. Such rule is firmly established by a long list of decisions from this court. No complaint is made of the instruction of the court here, and we find no prejudicial error in the court's ruling upon law questions, and there being competent evidence reasonably tending to support the verdict, the cause is affirmed.

RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., concur.