## TURK BROS. v. STUCKEY, County Treas., et al.

No. 17401. Opinion Filed March 13, 1928.

Rehearing Denied April 17, 1928.

(Syllabus.)

**Costs—Cost Bonds—Requiring Additional Security—Statutes.**

Section 764, C. O. S. 1921, as amended by section 1, chapter 117, Session Laws 1923-4, providing for making a cash deposit in lieu of a bond for costs and providing what the conditions of cost bonds shall be, in no way interferes with or limits the provision of section 767, C. O. S. 1921, providing the method for requiring the plaintiff to furnish additional security in case the trial court shall find that the costs bond is inadequate.

Error from District Court, Tulsa County; Luther James, Judge.

Action by Turk Brothers against W. W. Stuckey, County Treasurer of Tulsa County, and John L. Smiley, his successor in office. Judgment for defendants, and plaintiffs appeal. Affirmed.

Adelbert Brown, Gordon Stater, and T. D. Lyons, for plaintiffs in error.

Byron Kirkpatrick, County Atty., and James Harrington, Asst. County Atty., for defendants in error.

PHELPS, J. This cause comes here on appeal from the district court of Tulsa coun-

ty, the facts out of which it grew being, substantially, as follows: On July 7, 1925, plaintiffs in error filed their action to recover certain taxes paid under protest. Instead of making a cash deposit they filed what purported to be a bond for costs which was in words and figures as follows:

"State of Oklahoma, County of Tulsa.—ss.

"In the District Court of Tulsa County, Oklahoma.

"L. B. Coates and E. R. Futral, Trustees, Plaintiffs, v. W. W. Stuckey, County Treasurer Tulsa County, Oklahoma, et al., Defendants.

"Bond for Costs.

"Know All Men By These Presents:

"That L. B. Coates and E. R. Futral as trustees for principal, and J. O. Bowers and C. D. Barricklow, residents of Tulsa county, Oklahoma, as sureties, do hereby bind ourselves, our heirs, administrators, and executors, jointly, severally and firmly by these presents:

"That said plaintiffs will pay all costs that may be adjudged against them in this action; or, in case the same cannot be collected from defendants, if judgment be obtained against them, that the plaintiffs will pay all costs incurred by such plaintiffs.

"Witness our hands this 6th day of July, 1925.

"L. B. Coates,
"Trustee for Principal.

"E. R. Futral,
Trustee for Principal.

"J. O. Bowers,
"C. D. Barricklow,
"Sureties."

Attached to this purported cost bond were two blank affidavits for the sureties to sign, but neither affidavit was signed by the sureties and no amount inserted therein for which the sureties qualified.

On July 14, 1925, counsel for defendant filed their motion under section 767, C. O. S. 1921, to require plaintiffs in the instant case and the plaintiffs in the other cases similarly situated to give additional security for costs. On July 21st this motion was sustained and plaintiffs given 10 days to comply with the order. On July 31st, purporting to comply with the court's order, plaintiffs filed an instrument denominated "Bond for Costs" signed by Turk Brothers, by Adelbert Brown, attorney for principal, and J. O. Bowers and C. D. Barricklow, as sureties, in which Bowers makes affidavit that he is a resident and freeholder of Tulsa county, state of Oklahoma, and that he is the owner of hotel furniture and fixtures valued at

$200 over and above all debts, liabilities, and exemptions, and Barricklow makes affidavit that he is a resident and freeholder of Tulsa county, state of Oklahoma, and is owner of property in this state worth, over and above all debts, liabilities, and exemptions, the sum of $2,000.

On August 24, 1925, counsel for defendant filed their motion in which they alleged that neither of the sureties upon said bond appeared upon the personal property tax rolls of Tulsa county, alleging that the purported bond for costs was executed by the attorney for plaintiffs, denying the authority of said attorney to execute said bond, claiming that there had been no compliance with the court's order for the additional security for costs, and praying that they be not required to further plead in said cause until plaintiffs had complied with the court's order, and on December 19, 1925, the cause was up for hearing and one of the Turk brothers, plaintiffs, was present and testified that neither he nor his brother had given the bond for costs; that no one was authorized to sign the name of Turk Brothers to said bond; that he had a written contract with his attorney who signed the bond expressly absolving him from payment of any costs or other expenses because of these lawsuits; whereupon the court entered its order directing that proper bond for costs be filed within five days or the cases would automatically stand dismissed. Instead of complying with this order plaintiffs in error, on December 23, 1925, filed their motion to vacate the order. The order not having been complied with, on January 2, 1926, the cases were ordered dismissed, from which order this appeal is prosecuted.

Section 767, C. O. S. 1921, reads as follows:

"In an action in which security for costs has been given, the defendant may, at any time before judgment, after reasonable notice to the plaintiff, move the court for additional security on the part of the plaintiff; and if, on such motion, the court be satisfied that the surety has removed from this state, or is not sufficient, the action may be dismissed, unless, in a reasonable time, to be fixed by the court, sufficient security be given by the plaintiff."

In the motion filed on December 23rd by plaintiffs to vacate the trial court's order of December 19th, no reason or grounds therefor are stated, but attached thereto are the affidavits of the sureties attempting to show their qualification or justification as sureties, no reference being made to Turk's testimony that plaintiffs' attorney was not

authorized to sign their names to the bond, and in the motion for new trial filed on January 2, 1926, counsel seem to rely upon the amendment of section 764, C. O. S. 1921, section 1, chapter 117, page 137, Session Laws 1923-4.

In their briefs and arguments they also cite this amendment, which provides that when a civil action is filed there shall be given—

"* * * a bond for costs with one or more good and sufficient sureties, one of whom shall be a resident of the county in which the action is filed, or with some bonding company, as such surety, conditioned that the plaintiff will pay all costs which may be adjudged against him or in case the costs cannot be collected from the defendant, if judgment be obtained against him, then the plaintiff will pay the costs incurred by himself, **and such bond shall not be required to contain any other condition.**"

They also argue that under this amendment the penalty for plaintiffs' failure to make a proper cost deposit or to give a proper bond for costs is that the clerk shall not issue "any notice, summons, process or do any other act or incur any other costs"; that the clerk having approved the cost bond in question, the trial court committed error in making the order complained of.

No doubt the court clerk is vested with authority to approve cost bonds, but, as we view it, the 1923-4 amendment, supra, to section 764, supra, in no way affects or places any limitation upon the provisions of section 767. In other words, if the plaintiff makes his cost deposit or files his bond for costs as provided by section 764, as amended by section 1, chapter 117, Session Laws 1923-4, and if the defendant is not satisfied with the security given, he may move the court for additional security, and if the court is satisfied "that the surety has removed from this state or is not sufficient," the action may be dismissed unless within a reasonable time, to be fixed by the court, sufficient security be given by the plaintiff.

Some complaint is made by counsel for plaintiffs that sufficient notice was not given in the instant case. However, it appears that within the ten days after the first motion was filed there was a gesture or pretense to comply with the order, and when the second motion was heard, it appears that at least one of the plaintiffs was present in court and within the five days within which to comply with the order or dismiss the action, instead of complying therewith, a motion to vacate was filed, and that the whole question as to the sufficiency of the security was before the court continuously from July 14, 1925, when the first motion was filed, until January 2, 1926, when the cases were finally dismissed, and with this record before us, we cannot, in good conscience, say that plaintiffs did not have a fair opportunity to comply with the court's order and make ample provision for the payment of costs, but the record leads us to the inevitable conclusion that instead of attempting to comply with the court's order, much time and energy were expended in an effort to evade a compliance therewith.

Cusher v. Ricketts, 72 Okla. 168, 179 Pac. 593, is not a parallel to the instant case in so far as the facts are concerned, but this court's language in the body of the opinion is illuminating when it says:

"The court found that the deposit for costs had been exhausted, and made an order requiring the plaintiff to make an additional deposit. The court found that the plaintiff had been notified of said order by registered mail, with a certified copy of said order to the attorney for plaintiff inclosed. The court found that no compliance had been made with the order. These findings are not even disputed in the motion to vacate the judgment. The motion of the plaintiff to vacate said order gives no reason for not complying with said order, but relies solely upon the fact that the court was without jurisdiction to make the same. The motion, in so far as it states 'that no notice had been given as required by law,' states a mere conclusion, and does not attempt to state any of the facts, or deny that the plaintiff had received a certified copy of the order, nor in any way attempt to justify or excuse themselves for not complying with said order. The court did not commit error in sustaining the demurrer to said motion."

It is the policy of the law and the practice of the courts of this state to enable every litigant to have his disputes fairly heard and properly disposed of upon the merits of the contentions presented, but in order for the courts to dispose of the business before them with order, decorum, and dispatch, proper provisions must be made for the payment of the expenses incident to such litigation if the parties are able to pay such expenses; if they are not able to pay such expenses, they may still have their rights litigated by compliance with section 765, C. O. S. 1921.

The only question presented by the record in this case is whether the court committed error in dismissing this and the other causes, and it is our conclusion from the facts reflected by the record that no error was

committed, and the judgment of the district court is affirmed.

BRANSON, C. J., and HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 15 C. J. p. 221, §545.