## HULME v. HILL.

No. 26563. June 9, 1936.

Rehearing Denied Sept. 29, 1936.

Porter H. Morgan, for plaintiff in error.

H. J. Mackey, for defendant in error.

PER CURIAM. Defendant in error recovered judgment on account of interest unlawfully charged and collected. In lieu of cash deposit for cost or cost bond defendant in error filed a poverty affidavit. Plaintiff in error moved to quash summons on the alleged ground that this affidavit failed to meet the requirements of section 512, O. S. 1931, and upon the further alleged grounds that the attorney for defendant in error was subject to the statutory requirements relating to cost and affidavit in forma pauperis because of his employment on the contingent basis with the understanding that his compensation should be from the money recovered. The motion to quash summons was overruled. Thereafter, upon the same theory, plaintiff in error filed motion to dismiss the action, which was overruled. The motion for new trial contains a general assignment for "error of law occurring at the trial" and further assignment of error in the order overruling the motion to dismiss, but it does not assign as error the order overruling the motion to quash summons. Plaintiff in error contends that failure to file affidavit in forma pauperis in strict compliance with the statute is jurisdictional.

Irregularity or insufficiency of an affidavit in forma pauperis filed when suit is instituted in lieu of cost bond or deposit for cost is not a jurisdictional defect; such affidavit, if attacked, should be challenged by a motion to quash the summons or motion to require cash deposit for cost or a cost bond; motion to dismiss an action for want of proper affidavit must be overruled. Fowler v. Fowler, 15 Okla. 529, 82 P. 923; Cole v. Hoeburg (Kan.) 13 P. 275; Turk Bros. v. Stuckey, 130 Okla. 242, 266 P. 758.

An erroneous order overruling the motion to quash summons is not an "error of law occurring at the trial"; therefore, in absence of proper assignment of the error in a motion for a new trial, such order cannot be reviewed under a general assignment of "errors of law occurring at the trial." Bilby v. Gibson, 133 Okla. 196, 271 P. 1026; School District No. 60 v. Crabtree, 146 Okla. 197, 294 P. 171.

The practice in such instances approved here is entirely fair to both plaintiff and defendant; it is based upon sound principles well known and firmly established and is in accord with all the applicable provisions of the statutes.

We consider only the assignments of alleged errors to which express reference is made in the brief upon behalf of plaintiff in error.

The judgment of the trial court is affirmed. Motion for judgment upon the supersedeas bond is granted and judgment entered against W. W. Gill as surety upon the bond. Counsel for defendant in error should submit journal entry of judgment.

The Supreme Court acknowledges the aid of Attorneys Joseph C. Stone, E. R. Jones, and O. H. Graves in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Stone and approved by Mr. Jones and Mr. Graves, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS, BUSBY, and PHELPS, JJ., absent.